1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ENERGY INTELLIGENCE GROUP, INC., et al., | Case No. CV 11-10556 PA (SSx) |
| 12 | SCHEDULING ORDER [FED. R. CIV. P. 16(b)] |
| 13 Plaintiffs, | |
| 14 v. | 1. Establishing a Discovery Cut-off Date of September 24, 2012 |
| 15 PLAINS ALL AMERICAN PIPELINE L.P., | |
| 16 | 2. Setting Motion Cut-off date of October 1, 2012 |
| 17 Defendant. | 3. Setting Final Pretrial Conference for November 2, 2012, at 1:30 p.m. |
| 18 | |
| 19 | 4. Setting Jury Trial Date of December 4, 2012, at 9:00 a.m. |

20

21

22       1.   Discovery Cut-Off.  This is the last date to complete discovery, including expert

23   discovery, and the resolution of any discovery motions before the magistrate judge.  If

24   expert witnesses are to be called at trial, the parties shall designate experts to be called at

25   trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks

26   prior to the discovery cutoff date.  Rebuttal expert witnesses shall be designated and reports

27   provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the

28   discovery cutoff date.  Failure to timely comply with this deadline may result in the expert

being excluded at trial as a witness.  The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions.  Discovery motions may not be heard on an ex parte basis.

2.  Joinder of Parties and Amendment of Pleadings.  The deadline for joining parties and amending pleadings is listed in the "Schedule of Trial and Pretrial Dates" issued by the Court.  Any motions to join other parties or for leave to amend the pleadings shall be filed and served at least twenty-eight (28) days prior to the hearing deadline as required by Local Rule 6-1 so that they can be heard and decided prior to the deadline.  This deadline does not apply if the deadline for joining parties or amending pleadings has already been calendared or occurred by virtue of an order issued by this Court or another court.

In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments and (3) state the page, line number(s), and wording of any proposed change or addition of material.

For the Court's ease of reference, the moving party shall submit to chambers a redlined version of the amended pleading.

3.  Motion Filing Cut-Off.  The Court hears motions on Mondays at 1:30 p.m.  The motion filing cut-off date is the last day motions may be heard (not filed).  The Court will not decide late motions.  Issues left undetermined by the passage of the motion cut-off date should be listed as issues for trial in the Final Pretrial Conference Order.  As an exception to the above, motions in limine dealing with evidentiary matters may be heard at or before trial; however, summary judgment motions disguised as motions in limine will not be heard. Parties need not wait until the discovery cut-off to bring motions for summary judgment or partial summary judgment.  However, in the usual case, the Court expects that more than the minimum notice will be provided to counsel opposing motions for summary judgment.  In the usual case, the parties should confer and agree on the date for setting such motions.

Ex parte applications are entertained solely for extraordinary relief.  See Mission Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict

adherence to proper <u>ex parte</u> procedures is required for any <u>ex parte</u> application filed with the Court.

4.   <u>Stipulations to Extend Time</u>.  Stipulations to extend the time to file any required document or to continue any pretrial or trial date must set forth:

(a)  the existing due date or hearing date;

(b)  the current pretrial conference date and trial date;

(c)  the specific reasons supporting good cause for granting the extension or continuance.  For example, a statement that a continuance "will promote settlement" or that the parties decided to suspend discovery while engaging is settlement discussions is insufficient.

(d)  whether there have been any prior requests for extensions or continuances, and whether these were granted or denied by the Court.

5.   <u>Summary Judgment Motions</u>.  The Separate Statement of Undisputed Facts is to be prepared in a two column format.  The left hand column should set forth the allegedly undisputed fact.  The right hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared.  The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must indicate either undisputed, or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed.  Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's evidence controverting the fact.  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

party must cite to the evidence alleged to be objectionable and state the ground of the objection and nothing more. **No argument should be set forth in this document**.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposition party is required to adhere to in responding to the statement of undisputed facts, as described above.

(a) <u>Supporting Evidence</u>. No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered.

Evidence submitted in support or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the Memorandum of Points and Authorities. The Court will accept counsel's authentication of deposition transcript, of written discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the document was in the opponent's possession is of independent significance</u>. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If evidence in support of or in opposition to a motion exceeds twenty pages, the evidence must be in a separate bound volume and include a Table of Contents.

(b) <u>Objections to Evidence</u>.  If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document.  Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the separate statement in sequence**.  It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format contemplated by the Court:

> Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.

> Fed. R. Evid. 801, 802.

Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact: these will be disregarded and overruled.

(c) <u>The Memorandum of Points and Authorities</u>.  The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence.

Unless the case involves some unusual twist on Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under <u>Celotex</u> and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

1 issue, with the purpose of showing the existence or non-existence of a genuine issue of

2 material fact for trial on that element of the claim or defense.

3       Likewise, the opposition memorandum of points and authorities should be in the

4 usual form required by Local Rule 7, and where the opposition memorandum sets forth

5 facts, the memorandum should cite to paragraphs in the separate statement if they are not in

6 dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is

7 contravened by an additional fact in the statement of genuine issues, the citation should be to

8 such fact by paragraph number.

9       (d)  Timing.  In virtually every case, the Court expects that the moving party will

10 provide more than the minimum twenty-eight (28) day notice for such motions.  The moving

11 party shall submit a copy of the Statement of Uncontroverted Facts and Conclusions of Law

12 to the Court's ECF e-mail address, in WordPerfect format (X3 or earlier versions) or

13 Microsoft Word (Word 2003 or earlier versions).

14       6.  Motions in Limine.  Before filing any motion in limine, counsel for the parties

15 shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for

16 hearing the motion in limine or to eliminate as many of the disputes as possible.  It shall be

17 the responsibility of counsel for the moving party to arrange for this conference.  The

18 conference shall take place in person within seven days of service upon opposing counsel of

19 a letter requesting such conference.  Unless counsel agree otherwise, the conference shall

20 take place at the office of the moving party.  If both counsel are not located in the same

21 county in the Central District, the conference may take place by telephone.  The moving

22 party's letter shall identify the testimony, exhibits, or other specific matters alleged to be

23 inadmissible and/or prejudicial, shall state briefly with respect to each such matter the

24 moving party's position (and provide any legal authority which the moving party believes is

25 dispositive), and specify the terms of the order to be sought.

26       (a)  If counsel are unable to resolve their differences, they shall prepare a Joint

27 Motion in Limine.  The Joint Motion in Limine shall consist of one document signed by all

28 counsel.  The Joint Motion in Limine shall contain a clear identification of the testimony,

1    exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a

2    statement of the specific prejudice that will be suffered by the moving party if the motion is

3    not granted.  The identification of the matters in dispute shall be followed by each party's

4    contentions and each party's memorandum of points and authorities.  The title page of the

5    Joint Motion in Limine must state the hearing date for the motions in limine and the trial

6    date.

7            (b)  Unless otherwise ordered by the Court, motions in limine will be heard on the

8    date indicated in the Schedule of Trial and Pretrial Dates issued by the Court.  Unless the

9    Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex

10    parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of

11    diligence of the moving party. The moving party shall serve its portion of the Joint Motion

12    in Limine on the responding party fourteen (14) days prior to the date for filing of motions

13    in limine indicated in the Schedule of Trial and Pretrial Dates.  The responding party shall

14    then serve the opposition portion of the Joint Motion in Limine on the moving party both on

15    paper and in an electronic format seven (7) days prior to the date for the filing of motions in

16    limine.  The moving party shall incorporate the responding party's portion into the Joint

17    Motion in Limine, add its arguments in reply, and file and serve the Joint Motion in Limine.

18    Neither party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

19            (c)  Joint Motions in Limine made for the purpose of precluding the mention or

20    display of inadmissible and/or prejudicial matter in the presence of the jury shall be

21    accompanied by a declaration from the moving party that includes the following:  (1) a clear

22    identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a

23    representation to the Court that the subject of the motion in limine has been discussed with

24    opposing counsel, and that opposing counsel has either indicated that such matter will be

25    mentioned or displayed in the presence of the jury before it is admitted in evidence or that

26    counsel has refused to stipulate that such matter will not be mentioned or displayed in the

27    presence of the jury unless and until it is admitted in evidence; and (3) a statement of the

28

1   specific prejudice that will be suffered by the moving party if the motion in limine is not

2   granted.

3       (d)  Unless ordered by the Court, no supplemental or separate memorandum of

4   points and authorities shall be filed by either party in connection with any motion in limine.

5       (e)  The Court will not consider any motion in limine in the absence of a joint

6   motion or a declaration from counsel for the moving party establishing that opposing

7   counsel: (1) failed to confer in a timely manner; (2) failed to provide the opposing party's

8   portion of the joint motion in a timely manner; or (3) refused to sign and return the joint

9   motion after the opposing party's portion was added.

10      (f)  The failure of any counsel to comply with or cooperate in the foregoing

11  procedures will result in the imposition of sanctions, including a resolution of the issue

12  against the party refusing to cooperate.

13      7.   Pretrial Conference and Trial Setting.  Compliance with the requirements of Local

14  Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of Contentions

15  of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-Trial

16  Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-2.8

17  through 16-6. The Proposed Pre-Trial Conference Order shall conform to the example set

18  forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

19      The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists

20  shall be served and filed no later than fourteen (14) days before the Pre-Trial Conference.

21  The Proposed Pre-Trial Conference Order shall be filed fourteen (14) days before the Pre-

22  Trial Conference.

23      The Proposed Pre-Trial Conference Order must contain a Table of Contents.  Place

24  in all capital letters and in bold the separately numbered headings for each category in the

25  PTCO.  Under paragraph 1, list each claim, counterclaim, or defense that has been dismissed

26  or abandoned.  In multiple party cases where not all claims or counterclaims will be

27  prosecuted against all remaining parties on the other side, please specify to which party each

28  claim or counterclaim directed.  The factual issues in dispute should track the elements of a

-8-

claim or defense upon which the jury would be required to make findings.  Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3").  Issues of law should state legal issues upon which the Court will be required to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

In drafting the PTCO, the Court expects that counsel will attempt to agree on and set forth as many non-contested facts as possible.  The Court will normally read the uncontested facts to the jury at the start of the trial.  Carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained.  <u>Failure of a party to list and identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party from calling that expert witness at trial</u>.

This case has been placed on calendar for a Final Pretrial Conference ("PTC") pursuant to F. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly waived at the Scheduling Conference by the Court.  Unless excused for good cause, each party appearing in this action shall be represented at the PTC and all pretrial meetings of counsel, by lead trial counsel.  The failure to attend the PTC or to submit the required pretrial documents may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions.

A continuance of the Final Pretrial Conference at counsel's request or stipulation is highly unlikely.  Counsel should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the Final Pretrial Conference.  Specifically, failure to complete discovery work, including expert discovery, is not a ground for a continuance.

Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the Court. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance with the provisions of Local Rule 16-6 and the form of the proposed Final Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

At the PTC, counsel should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, presentation of testimony on direct examination by declaration subject to cross-examination, and qualification of experts by admitted resumes. In rare cases where the PTC is waived by the Court, counsel must follow Local Rule 16-10.

8.   <u>Summary of Witness Testimony and Time Estimates</u>. Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness' expected testimony and an estimate of the length of time needed for direct examination; and whether the witness will testify by deposition or in person. Counsel shall exchange these lists with opposing counsel. **Counsel shall jointly file a single list of witness testimony summaries, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.** These statements shall be filed at the time counsel file the Proposed Pre-Trial Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference. A copy of the Joint Trial Witness Form is attached to this Order.

If a party desires to offer deposition testimony into evidence at trial, he shall designate only those relevant portions of same which he wishes to read at trial and advise opposing counsel of same. Opposing counsel shall then designate those relevant portions of such deposition which he wishes to offer in evidence. All objections to any such testimony shall be made in writing and filed at the same time counsel file the Proposed Pre-Trial Conference Order so the Court may consider whether ruling on such objections will either

1   facilitate the conduct of the trial or result in the disposition of certain evidentiary matters

2   that may assist continuing settlement negotiations.

3       9.   <u>Jury Instructions and Verdict Forms</u>.  Fourteen (14) days prior to counsel's Rule

4   16 pre-trial meeting, counsel shall exchange proposed jury instructions (general and special)

5   and special verdict forms (if applicable).  Seven (7) days prior to the Rule 16-2 meeting,

6   counsel shall exchange any objections to the instructions and special verdict forms.  Prior to,

7   or at the time of the Rule 16 meeting, counsel shall meet and confer with the goal of

8   reaching agreement on one set of joint jury instructions and one special verdict form.

9       The parties should make every attempt to agree upon the jury instructions before

10  submitting them to the Court.  The Court expects counsel to agree on the substantial

11  majority of jury instructions, particularly when pattern instructions provide a statement of

12  applicable law.  When the Manual of Model Civil Jury Instructions for the Ninth Circuit

13  provides a version of an applicable requested instruction, the parties should submit the most

14  recent version of the Model instruction.  Where language appears in brackets in the model

15  instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed

16  text.  Where California law applies, counsel should use the current edition of the Judicial

17  Council of California Civil Jury Instructions ("CACI").  If neither of the above sources is

18  applicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee

19  (formerly Devitt, <u>et al.</u>), Federal Jury Practice and Instructions (latest edition).  Each

20  requested jury instruction shall cover only one subject or principle of law and shall be

21  numbered and set forth in full on a separate page, citing the authority or source of the

22  requested instruction (except for the "clean" jury copy discussed below).

23      When the parties disagree on an instruction, the party opposing the instruction

24  must attach a short statement (one to two paragraphs) supporting the objection, and the party

25  submitting the instruction must attach a short statement supporting the instruction.  Each

26  statement should be on a separate page and should follow directly after the disputed

27  instruction.

28

-11-

The parties ultimately must submit one document or, if the parties disagree over any proposed jury instructions, two documents.  If the parties submit two documents, those documents shall consist of: (1) a set of Joint Proposed Jury Instructions and (2) a set of Disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The parties must file proposed jury instructions fourteen (14) days before the Pre-Trial Conference.  If the court is closed that day, counsel shall file the proposed instructions the preceding Friday.  No later than 5:00 p.m. on the date such instructions are due, the parties must submit conformed courtesy copies to the Court's courtesy box located outside the entrance to chambers on the Spring Street level of the U.S. Courthouse.  Counsel shall also submit a copy of the proposed jury instructions to the Court's ECF e-mail address in WordPerfect format (X3 or earlier versions) or Microsoft Word (Word 2003 or earlier versions) in accordance with this paragraph and the previous paragraph.

The Court will send a copy of the instructions into the jury room for the jury's use during deliberations.  Accordingly, in addition to the file copies described above, the e-mail containing the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority, indication of party proposing, etc.).

An index page shall accompany all jury instructions submitted to the Court.  The index page shall indicate the following:

(a)  The number of the instruction;

(b)  A brief title of the instruction;

(c)  The source of the instruction and any relevant case citations; and

(d)  The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark-Defined | 9th Cir. 15.3.2 | 7 |

(15 U.S.C. § 1127)

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) days before the Pre-Trial Conference and e-mail any such proposed special verdict form in WordPerfect format (X3 or earlier versions) or Microsoft Word (Word 2003 or earlier versions) to the Court's ECF e-mail address.

10. <u>Voir Dire Questions</u>.  Counsel may, but need not, submit brief proposed <u>voir</u> <u>dire</u> questions for the jury at the Pre-Trial Conference.  The Court will conduct its own <u>voir</u> <u>dire</u> after consulting any proposed <u>voir</u> <u>dire</u> submitted by counsel.

11. <u>Joint Statement of the Case</u>.  Counsel shall submit a joint statement of the case at the Pretrial Conference.  The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of <u>voir</u> <u>dire</u>.  The statement should not exceed one page.  The statement shall be filed with the Court at the Pre-Trial Conference.

12. <u>Exhibits</u>.  The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16.  Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers.  Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the Courtroom Deputy Clerk and a duplicate set for the judge.  The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit.  Each binder shall contain a Table of Contents.  Counsel must comply with Local Rule 26-4 when numbering the exhibits.  The Clerk's Office, Room G-8, 312 North Spring Street, Los Angeles, California can supply counsel with appropriate exhibit tags.

13. <u>Pre-Trial Exhibit Stipulation</u>.  The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit

Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

<u>Pre-Trial Exhibit Stipulation</u>

<u>Plaintiff's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Objection</u> |
|---|---|---|---|

<u>Defendant's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Objection</u> |
|---|---|---|---|

The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel files the Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph shall constitute a waiver of all objections.

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

        (1)    The original exhibits with the Court's exhibit tags. Plaintiff shall use yellow tags; defendant shall use blue tags. Each tag shall be stapled to the front of the exhibit on the upper right corner and include the case number, case name, and exhibit number.

        (2)    One bench book with a copy of each exhibit for the Court's use, tabbed as described above; a copy of the witness lists).

        (3)    Three (3) copies of exhibit lists and a floppy disk containing the exhibit list.

        (4)    Three (3) copies of witness lists in the order in which the witnesses will be called to testify.

All counsel are to meet no later than fourteen (14) days before trial to discuss and agree to the extent possible on issues including foundation and admissibility.

14. <u>Findings of Fact and Conclusions of Law</u>.  For a non-jury trial, counsel for each party shall file and serve proposed findings of fact and conclusions of law fourteen days before trial.  The parties should also e-mail these proposed findings of fact and conclusions of law in WordPerfect format (X3 or earlier versions) or Microsoft Word (Word 2003 or earlier versions) to the Court's ECF e-mail address.  Counsel for each party shall then:

      (1)     Underline or highlight in red the portions which it disputes;

      (2)     Underline or highlight in blue the portions which it admits; and

      (3)     Underline or highlight in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of it irrelevant.

The parties should then file and serve their respective objections to the other party's proposed findings of fact and conclusions of law.  Courtesy copies of the marked copies shall be delivered to the courtesy box next to the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, by 12:00 noon of the business day following filing.

15. <u>Settlement</u>.  Local Rule 16-15.2 provides that the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference.  The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process.  However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice.  Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

The Court has a keen interest in helping the parties achieve settlement.  If the parties believe that it would be more likely that a settlement would be reached if they conduct settlement conference at an earlier time than that specified by the Court, they should conduct it at that time.  In any event, the parties must file a Status Report re Settlement at the time they file the Proposed Pretrial Order.

1        The Court will not conduct settlement conferences in non-jury cases which the

2  Court will try.  In jury cases, the Court will conduct a settlement conference at the parties'

3  request if three conditions exist:

4        1.   The parties are satisfied that the fact issues in the case will be tried to a jury;

5        2.   All significant pre-trial rulings which Court must make have been made; and

6        3.   The parties desire the Court to conduct the conference, understanding that if

7  settlement fails, the Court will preside over the trial of the case.

8      16.  <u>Sanctions</u>.  The failure to attend the pretrial conference or to submit in conformity

9  with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case,

10  voir dire questions, summary of witness testimony and times estimates, proposed Pretrial

11  Conference Order or the memorandum of contentions of fact and law may result in the

12  dismissal of the action, striking the answer and entering default and/or the imposition of

13  sanctions.

14        IT IS SO ORDERED.

15   Dated: April 16, 2012

16

17                                     Percy Anderson
                             UNITED STATES DISTRICT JUDGE

18

19  Revised: 10/24/05

20

21

22

23

24

25

26

27

28

-16-

JOINT TRIAL WITNESS ESTIMATE FORM

CA SE: _____

TRIAL DATE: _____

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 1 | | | | |
| TOTAL ESTIMATES THIS PAGE: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care."
(3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour. E.g. if you estimate 20 minutes, make it .25. An

estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. E.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-18-