```
 1 │ MESEREAU & YU, LLP
   │ Thomas A. Mesereau, Jr. (SBN 91182)
 2 │ Email:  mesereau@mesereauyu.com
   │ Susan C. Yu (SBN 195640)
 3 │ Email:  yu@mesereauyu.com
   │ 10390 Santa Monica Blvd., Suite 220
 4 │ Los Angeles, CA, 90025
   │ Telephone: (310) 789-1177
 5 │ Facsimile: (310) 861-1007
 6 │ Attorneys for Defendant
   │ and Counter-Claimant
 7 │ PLAINS ALL AMERICAN PIPELINE, L.P.
 8 │                    UNITED STATES DISTRICT COURT
 9 │                   CENTRAL DISTRICT OF CALIFORNIA
10 │
   │ ENERGY INTELLIGENCE GROUP, INC.    ) Case No.  CV 11-10556 PA (SSx)
11 │ and ENERGY INTELLIGENCE GROUP      )
   │ (UK) LIMITED                       ) **DISCOVERY MATTER**
12 │                                    )
   │              Plaintiffs,           ) **DEFENDANT'S MEMORANDUM OF POINTS**
13 │                                    ) **AND AUTHORITIES IN SUPPORT OF** *EX*
   │         v.                         ) *PARTE* **APPLICATION FOR AN ORDER**
14 │                                    ) **COMPELLING PLAINTIFFS TO APPEAR**
   │ PLAINS ALL AMERICAN PIPELINE,      ) **FOR THEIR DEPOSITIONS**
15 │ L.P.                               )
   │                                    ) **(L.R. 7-19)**
16 │                                    )
   │              Defendant.            ) DATE:  n/a
17 │ _____) TIME:  n/a
   │                                    ) PLACE: Courtroom 23
18 │ PLAINS ALL AMERICAN PIPELINE,      ) JUDGE: Hon. Suzanne H. Segal
   │ L.P.,                              )
19 │                                    ) Discovery cutoff date: 9/24/12
   │              Counter-Claimant,     ) Pretrial Conf. date: 11/2/12
20 │                                    ) Trial date: 12/4/12
   │         v.                         )
21 │                                    ) [EX PARTE NOTICE AND SUPPORTING
   │ ENERGY INTELLIGENCE GROUP, INC.    ) DECLARATION OF SUSAN C. YU FILED
22 │ and ENERGY INTELLIGENCE GROUP      ) CONCURRENTLY HEREWITH]
   │ (UK) LIMITED.                      )
23 │                                    ) [[Proposed] Order lodged
   │                                    ) concurrently herewith]
24 │              Counter-Defendants.   )
   │ _____)
25 │
26 │
27 │
28 │
```

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.**

**INTRODUCTION**

<u>Discovery cutoff</u> in this case is September 24, 2012, i.e., only *a month away*. The <u>trial date</u>, too, is fast approaching, i.e., December 4, 2012, only *3 months away*.

Defendant is entitled to depose Plaintiffs' witnesses. Yet, Plaintiffs are refusing to produce their witnesses in Los Angeles and are refusing to cooperate with Defendant on the deposition dates.

As set forth below, Defendant has exhausted its effort to meet and confer with Plaintiffs regarding these issues. Defendant now has no alternative but to seek this Ex Parte relief for a court order, compelling: (1) Plaintiffs' officers, directors and managing agents to appear for their noticed depositions in Los Angeles on September 10, 11 and 12 or 13; and (2) Plaintiffs to honor their meet and confer agreement and produce their non-managing agents for their depositions in New York and/or Washington, D.C. on September 4, 5 and 7.

**II.**

**FACTS**

On <u>December 21, 2011</u>, Plaintiffs commenced this lawsuit against Defendant in Los Angeles, where this United States District Court is located. (CR 1.)

On <u>April 3, 2012</u>, Plaintiffs served their Rule 26 initial disclosure on Defendant by email. (Yu Decl., ¶ 2, **Exhibit 1.**)

In this disclosure, Plaintiffs provided the following information:

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER
COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS

**1. Rule26(a)(1)(A)(i)Disclosures**

As presently advised and without waiving their right to identify other parties and/or individuals should they become known to Plaintiffs at a later date, Plaintiffs believe that the following named individuals are likely to have discoverable information that Plaintiffs may use to support their claims:

Thomas E. Wallin
Executive Vice President and Editor-in-Chief
Energy Intelligence Group, Inc. and
Energy Intelligence Group(UK)Limited
5 East 37th Street
New York, NY 10016-2807

George J. King
Chief Financial Officer
Energy Intelligence Group, Inc.
5 East 37th Street
New York, NY 10016-2807

John C. Hitchcock
Managing Director of Sales, America/Acting Managing Director of Global Marketing & Conferences
Energy Intelligence Group, Inc.
5 East 37th Street
New York, NY 10016-2807

Deborah A. Brown
Account Services Manager
Energy Intelligence Group, Inc.
5 East 37th Street
New York, NY 10016-2807

Jimmy Ramirez
Account Development Executive, The Americas
Energy Intelligence Group, Inc.
5 East 37th Street
New York, NY 10016-2807

Derrick Dent
Sales Manager
Energy Intelligence Group,Inc.
1411 K St. N.W., Suite 1000
Washington D.C. 20005

The **above individuals** are likely to have information about Plaintiffs' operations, publications, subscriptions and/or distribution of Plaintiffs' publications, including but not limited to the publication entitled Oil Daily and the copyrights being asserted in this litigation. These individuals **can be reached through Powley & Gibson, P.C.**

1  (See, **Exhibit 1** (Initial Disclosure), pp. 2-3 (emphasis added).)
2         Based on this Initial Disclosure, on August 8, 2012, Defendant
3  noticed depositions of these six individuals, by emailing six
4  separate deposition notices to Plaintiffs' counsel, Powley & Gibson,
5  P.C.  (Yu Decl., ¶ 3, **Exhibit 2.**)
6         These deposition notices requested the deponents to select any
7  of the following dates that was most convenient for them: August 20,
8  21, 22, 23, 2012 or September 4, 5, 6, 7, 10, 11, 12, 13, 14, 2012.
9  (Yu Decl., ¶ 4.)
10        Plaintiffs, however, did not respond.  (Yu Decl., ¶ 4.)
11        Thus, on August 9, 2012, Defendant sent a follow-up email
12 requesting a response from the Plaintiffs.  (Yu Decl., ¶ 5, **Exhibit
13 3.**)
14        On August 10, 2012, Plaintiffs replied that they were available
15 on Monday, August 13, 2012, to discuss a number of discovery issues,
16 including this deposition issue.  (Yu Decl., ¶ 6, **Exhibit 4**.)
17        Since Plaintiffs did not advise Defendant which of the
18 deposition dates were convenient for the six deponents, Defendant
19 selected the dates, included them in the amended deposition notices,
20 and served the amended deposition notices by email and Federal
21 Express on August 10, 2012.  (Yu Decl., ¶ 7, **Exhibit 5.**)
22        On August 13, 2012, the Parties telephonically met and
23 conferred to discuss a number of discovery issues, including the
24 deposition dates.  The only discovery issue the parties were able to
25 discuss during this call, however, was Plaintiffs' failure to
26 produce responsive documents to Defendant's First Request for
27 Production of Documents, as outlined in Defendant's August 8, 2012
28 meet and confer letter.  Since the parties did not complete their

1  discussion on the document issue and did not begin discussing the
2  deposition dates, they agreed to continue with their meet and confer
3  the next day.  However, due to the undersigned's illness on August
4  14, 2012, the parties agreed to meet and confer on August 15, 2012.
5  (Yu Decl., ¶ 8.)

   On August 14, 2012, Plaintiffs advised by email that:

   (1)   Three of the six deponents, i.e., Deborah A. Brown
         (Account Services Manager), Jimmy Ramirez (Account
         Development Executive), and Derrick Dent (Sales Manager)
         were "not officers, directors nor managing agents of
         Plaintiffs."  Plaintiffs added that it was thus "not
         proper to notice them for depositions" - - even though
         Plaintiffs' Rule 26 Disclosure suggested that: (a) these
         three witnesses were managing agents of Plaintiffs; and
         (b) Defendant needed to notice depositions of these
         witnesses through Plaintiffs' counsel.

   (2)   Plaintiffs also advised that they would check on the
         availability of Thomas E. Wallin (Executive Vice President
         and Editor-in-Chief), George J. King (Chief Financial
         Officer) and John C. Hitchcock (Managing Director of
         Sales, America/Acting Managing Director of Global
         Marketing & Conferences) and would get back to Defendant.
         Plaintiffs added that "Given the general rule that the
         deposition of a corporation by its agents and officers
         should ordinarily be taken at the corporation's principal
         place of business, see *Cadent Ltd. v. 3M Unitek Corp.*, 232
         F.R.D. 625, 628 (C.D. Cal. 2005), Plaintiffs propose that
         EIG witnesses be deposed in Powley & Gibson's New York

-4-

offices and Plains witnesses be deposed in Mesereau & Yu's Los Angeles offices or another location of Defendant's choosing if it is more convenient."

(Yu Decl., ¶ 9, **Exhibit 6**.)

On August 15, 2012, the Parties resumed their meet and confer call. Defendant stated that: (1) since Plaintiffs chose Los Angeles as the forum, they should come here for depositions, as supported by case law; (2) if Ms. Brown, Mr. Ramirez, and Mr. Dent are not managing agents, Defendant will have no choice but to take their depositions near where they reside; and (3) since the discovery cutoff in this case is only a month away, Defendant would greatly appreciate a prompt response with available dates for these deponents. (Yu Decl., ¶ 10.)

Plaintiffs responded that since Defendant will be travelling to New York for the depositions of non-managing agents, Defendant should stay another week and depose the officers as well. Defendant stated that it did not want to travel outside California unless it was required to do so under the law. Plaintiffs stated that they would get back to Defendant with dates for all 6 witnesses. They also stated that they would get back to Defendant about whether they wanted their officers, directors and managing agents to come to Los Angeles for depositions. (Yu Decl., ¶ 10.)

On August 16, 2012, Defendant sent a follow-up email, requesting a response on these issues. (Yu Decl., ¶ 11, **Exhibit 7**.)

On August 17, 2012, Plaintiffs called Defendant and advised that the six deponents were available, as follows:

1. Thomas Wallin:   September 10, 11, 12, 13 14, and 17
2. George King:     September 4, 5, 6, 7, 10, 11, 12, 13, 14,

-5-

```
                            17, 18, 19, 20
   3. John Hitchcock:    Not yet known because on vacation, but will
                         update Defendant as soon as Mr. Hitchcock
                         returned.
   4. Deborah Brown:     September - open all month
   5. Jimmy Ramirez:     September - open all month
   6. Derrick Dent:      September 5, 7, 12, 14, 17, 19 and 21.
```

Plaintiffs also advised that they did not want Mr. Wallin, Mr. King and Mr. Hitchcock to come to Los Angeles for their depositions. Defendant requested that Plaintiffs reconsider their position on this issue. (Yu Decl., ¶ 11.)

On August 20, 2012, Defendant sent a follow-up email, proposing the following deposition dates:

```
   1. Thomas Wallin:     September 10
   2. George King:       September 11
   3. John Hitchcock:    September 13 or 14 (if acceptable)
   4.  Deborah Brown:    September 4
   5. Jimmy Ramirez:     September 5
   6. Derrick Dent:      September 7
```

Defendant also requested that Plaintiffs reconsider challenging Los Angeles as the deposition location for Mr. Wallin, Mr. King and Mr. Hitchcock. (Yu Decl., ¶ 12, **Exhibit 8**.)

Later that evening at approximately 10:49 p.m. PST, Plaintiffs sent a draft joint stipulation for a protective order, asking Defendant to fill in its portion by August 27, 2012. This draft joint stipulation has a hearing date of September 18, 2012, 6 days before the discovery cutoff date. (Yu Decl., ¶ 13, **Exhibit 9**.)

On August 22, 2012, Defendant telephoned Plaintiffs and made

1 one last effort to meet and confer.  Plaintiffs maintained that they
2 did not want Mr. Thomas Wallin, Mr. George King and Mr. John
3 Hitchcock to be deposed in Los Angeles.  (Yu Decl., ¶ 14.)
4    Regarding Ms. Deborah Brown, Mr. Jimmy Ramirez and Mr. Derek
5 Dent, Plaintiffs advised that they were not sure whether their
6 lawyers were available on these dates.  (Yu Decl., ¶ 14.)
7    Defendant stated that it could have noticed Rule 30(b)(6)
8 depositions and find a way to bring these witnesses to Los Angeles,
9 but that it did not do so.  Defendant also stated that it wanted to
10 depose Mr. Wallin, Mr. King and Mr. Hitchcock first in Los Angeles
11 because these gentlemen were decision makers who would be able to
12 answer many questions, possibly narrowing the scope of questions for
13 Ms. Brown, Mr. Ramirez and Mr. Dent.  (Yu Decl., ¶ 14.)
14    Defendant added that, based on the dates Plaintiffs provided,
15 Defendant had no choice but to depose these non-managing agents
16 first, i.e., on September 4, 5 and 7.  Plaintiffs, however, could
17 not confirm these dates.  (Yu Decl., ¶ 14.)
18    Defendant therefore advised Plaintiffs that it had no choice
19 but to seek Ex Parte relief.  (Yu Decl., ¶ 14.)

## III.

## ARGUMENT

**A. Plaintiffs should be ordered to come to Los Angeles, the forum they chose, for their depositions.**

Plaintiff generally must produce its witnesses *in the district in which the plaintiff filed the action*, "unless the plaintiff has shown financial hardship or inability to attend the deposition in that district."  Aerocrine AB v. Apieron Inc., 267 F.R.D. 105, 108 (D. D.E. 2010); In re Outsidewall Tire Litig., 267 F.R.D. 466,

-7-

4710020 (E.D. VA 2010).

Here, Plaintiffs are non-resident corporations who chose Los Angeles as the forum. However, they do not want to be deposed here.

They insist that that their officers, directors and managing agents should not have to come to Los Angeles for their depositions because a corporate party should be deposed at its place of business, i.e., New York. In other words, Los Angeles is inconvenient for Plaintiffs.

This argument is unreasonable. It is also unfair to Defendant.

Plaintiffs are the ones who sued Defendant in Los Angeles. They thus cannot now claim inconvenience and refuse to produce their officers, directors, and managing agents in Los Angeles for depositions.

Indeed, courts have routinely compelled non-resident corporate plaintiffs to appear for their depositions in the forum district. Fujuisu Ltd. v. Netgear, Inc., 2008 WL 5061499 (W.D. Wis. Nov. 20, 2008); Louis Vuitton v. Akanoc Solutions, Inc., 2008 WL 1766758 (N.D. Cal. 2008); Fast Food Gourmet v. Little Lady Foods, No. 05-C-6022, 2007 WL 188014, at *2-3 (N.D. Ill. Jan. 23, 2007); South Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988)

This case should be no different.

Plaintiffs have no legitimate justification for refusing to be deposed in Los Angeles. They should be ordered to produce Mr. Wallin, Mr. King and Mr. Hitchcock to appear at their depositions in Los Angeles on September 10, 11, and 13 (or any three days on the week of September 3rd or September 10th).

-8-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER
COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS

**B. Plaintiffs should be ordered to honor their meet and confer agreement and produce their non-managing agents for their depositions.**

As set forth above, because Plaintiffs informed Defendant that Ms. Deborah Brown, Mr. Jimmy Ramirez and Mr. Derek Dent are not managing agents of Plaintiffs, Defendant has no choice but to depose them near their residence.

The only remaining issue is deposition dates. Although Plaintiffs have stated that these deponents are available on September 4, 5, and 7, they have not yet confirmed these dates or the deposition location.

Instead, Plaintiffs served Defendant with a draft joint stipulation for a motion for protective order for a hearing on September 18, 2012, staying, *in essence*, all deposition dates.

As set forth above, before filing this Ex Parte Application, Defendant made one last effort to meet and confer. Plaintiffs, however, still do not want Mr. Thomas Wallin, Mr. George King and Mr. John Hitchcock to be deposed in Los Angeles. Regarding Ms. Deborah Brown, Mr. Jimmy Ramierz and Mr. Derek Dent, Plaintiffs now seem to be saying that they cannot confirm the deposition dates for these witnesses because they are not certain whether their lawyers are available.

Based on the foregoing, Defendant has no choice but to seek this Ex Parte relief and compel Plaintiffs to honor their meet and confer agreement and produce their non-managing agents for their depositions in New York and/or Washington, D.C. on September 4, 5 and 7.

# IV.

# CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this Application.

Respectfully Submitted,

MESEREAU & YU, LLP

Dated: August 22, 2012    By:    /s/ Susan C. Yu
                                  SUSAN C. YU
                                  Attorneys for Defendant and
                                  Counter-Claimant
                                  PLAINS ALL AMERICAN PIPELINE, L.P.