```
MESEREAU & YU, LLP
Thomas A. Mesereau, Jr. (SBN 91182)
Email:  mesereau@mesereauyu.com
Susan C. Yu (SBN 195640)
Email:  yu@mesereauyu.com
10390 Santa Monica Blvd., Suite 220
Los Angeles, CA, 90025
Telephone: (310) 789-1177
Facsimile: (310) 861-1007

Attorneys for Defendant
and Counter-Claimant
PLAINS ALL AMERICAN PIPELINE, L.P.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED<br><br>            Plaintiffs,<br><br>      v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P.<br><br>            Defendant.<br>_____<br>PLAINS ALL AMERICAN PIPELINE, L.P.,<br><br>            Counter-Claimant,<br><br>      v.<br><br>ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED.<br><br>            Counter-Defendants. | Case No.  CV 11-10556 PA (SSx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF SUSAN C. YU IN SUPPORT OF DFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS**<br><br>**(L.R. 7-19)**<br><br>DATE:  n/a<br>TIME:  n/a<br>PLACE: Courtroom 23<br>JUDGE: Hon. Suzanne H. Segal<br><br>Discovery cutoff date: 9/24/12<br>Pretrial Conf. date: 11/2/12<br>Trial date: 12/4/12<br><br>[EX PARTE APPLICATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES CONCURRENTLY FILED HEREWITH]<br><br>[[Proposed] Order lodged concurrently herewith] |

*DECLARATION OF SUSAN C. YU IN SUPPORT OF DFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS*

**DECLARATION OF SUSAN C. YU**

I, Susan C. Yu, declare as follows:

1. I am an attorney at law, duly licensed to practice before all of the Courts of the State of California. I am a partner with the law firm of Mesereau & Yu, LLP, and am one of the primary attorneys responsible for representing Plains All American Pipeline, L.P. ("Defendant") in this action. I submit this declaration in support of Defendant's *Ex Parte* Application for an Order Compelling Plaintiffs to Appear for their Depositions ("*Ex Parte*"). I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, I could and would competently testify thereto under oath.

2. On April 3, 2012, Plaintiffs' counsel served their Rule 26 initial disclosure on me by email. (A true and correct copy of Plaintiffs' Rule 26 initial disclosure is attached hereto as **Exhibit 1.**)

3. Based on this Initial Disclosure, on August 8, 2012, I noticed depositions of these six individuals, by emailing six separate deposition notices to Plaintiffs' counsel, Powley & Gibson, P.C. (A true and correct copy of the August 8, 2012 email is attached hereto as **Exhibit 2.**)

4. These deposition notices requested the deponents to select any of the following dates that was most convenient for them: August 20, 21, 22, 23, 2012 or September 4, 5, 6, 7, 10, 11, 12, 13, 14, 2012. Plaintiffs, however, did not respond.

5. Thus, on August 9, 2012, I sent a follow-up email requesting a response from Plaintiffs' counsel, Mr. Stephen Ankrom

-1-

("Mr. Ankrom"). (A true and correct copy of my August 9, 2012 email is attached hereto as **Exhibit 3**.)

6. On August 10, 2012, Plaintiffs' counsel replied that they were available on Monday, August 13, 2012, to discuss a number of discovery issues, including this deposition issue. (A true and correct copy of the August 10, 2012 email is attached hereto as **Exhibit 4**.)

7. Since Plaintiffs' counsel did not advise me which of the deposition dates were convenient for the six deponents, I selected the dates, included them in the amended deposition notices, and served the amended deposition notices by email and Federal Express on August 10, 2012. (True and correct copies of the amended deposition notices are collectively attached hereto as **Exhibit 5.**)

8. On August 13, 2012, I, along with my law partner, Thomas Mesereau, telephonically met and conferred with Plaintiffs' counsel, Mr. Stephen Ankrom, to discuss a number of discovery issues, including the deposition dates. The only discovery issue the parties were able to discuss during this call, however, was Plaintiffs' failure to produce responsive documents to Defendant's First Request for Production of Documents, as outlined in my August 8, 2012 meet and confer letter. Since the parties did not complete their discussion on the document issue and did not begin discussing the deposition dates, we agreed to continue with their meet and confer the next day. However, due to the undersigned's illness on August 14, 2012, the parties agreed to meet and confer on August 15, 2012.

9. On August 14, 2012, Plaintiffs' counsel advised by email that:

-2-

1  (1)  Three of the six deponents, i.e., Deborah A. Brown
2       (Account Services Manager), Jimmy Ramirez (Account
3       Development Executive), and Derrick Dent (Sales Manager)
4       were "not officers, directors nor managing agents of
5       Plaintiffs."  Plaintiffs added that it was thus "not
6       proper to notice them for depositions" - - even though
7       Plaintiffs' Rule 26 Disclosure suggested that: (a) these
8       three witnesses were managing agents of Plaintiffs; and
9       (b) Defendant needed to notice depositions of these
10      witnesses through Plaintiffs' counsel.
11 (2)  Plaintiffs also advised that they would check on the
12      availability of Thomas E. Wallin (Executive Vice President
13      and Editor-in-Chief), George J. King (Chief Financial
14      Officer) and John C. Hitchcock (Managing Director of
15      Sales, America/Acting Managing Director of Global
16      Marketing & Conferences) and would get back to Defendant.
17      Plaintiffs added that "Given the general rule that the
18      deposition of a corporation by its agents and officers
19      should ordinarily be taken at the corporation's principal
20      place of business, see *Cadent Ltd. v. 3M Unitek Corp.*, 232
21      F.R.D. 625, 628 (C.D. Cal. 2005), Plaintiffs propose that
22      EIG witnesses be deposed in Powley & Gibson's New York
23      offices and Plains witnesses be deposed in Mesereau & Yu's
24      Los Angeles offices or another location of Defendant's
25      choosing if it is more convenient."
26 (A true and correct copy of Mr. Ankrom's August 14, 2012 email is
27 attached hereto as **Exhibit 6**.)
28

-3-

*DECLARATION OF SUSAN C. YU IN SUPPORT OF DFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS*

10. On August 15, 2012, I, along with my law partner, Thomas Mesereau, resumed our meet and confer call with Plaintiffs' counsel, Mr. Stephen Ankrom. I stated that: (1) since Plaintiffs chose Los Angeles as the forum, they should come here for depositions, as supported by case law; (2) if Ms. Brown, Mr. Ramirez, and Mr. Dent were not managing agents, Defendant will have no choice but to take their depositions near where they reside; and (3) since the discovery cutoff in this case was only a month away, I would greatly appreciate a prompt response with available dates for these deponents. Plaintiffs responded that since Defendant would be travelling to New York for the depositions of non-managing agents, Defendant should stay another week and depose the officers as well. I stated that Defendant did not want to travel outside California unless it was required to do so under the law. Plaintiffs stated that they would get back to me with dates for all 6 witnesses. They also stated that they would get back to me about whether they wanted their officers, directors and managing agents to come to Los Angeles for depositions.

11. On August 16, 2012, I sent a follow-up email, requesting a response on these issues. (A true and correct copy of this email is attached hereto as **Exhibit 7**.)

12. On August 17, 2012, Mr. Ankrom called me and advised that the six deponents were available, as follows:

    (1) Thomas Wallin:  September 10, 11, 12, 13 14, and 17

    (2) George King:  September 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 18, 19, 20

    (3) John Hitchcock: Not yet known because on vacation, but will update me as soon as Mr.

1 | Hitchcock returned.
2 |     (4) Deborah Brown:  September - open all month
3 |     (5) Jimmy Ramirez:  September - open all month
4 |     (6) Derrick Dent:   September 5, 7, 12, 14, 17, 19 and 21.
5 | Mr. Ankrom also advised that Plaintiffs did not want Mr. Wallin, Mr.
6 | King and Mr. Hitchcock to come to Los Angeles for their depositions.
7 | I requested that Plaintiffs reconsider their position on this issue.
8 | On August 20, 2012, I sent a follow-up email, proposing the
9 | following deposition dates:
10 |     (1)  Thomas Wallin:     September 10
11 |     (2)  George King:       September 11
12 |     (3)  John Hitchcock:    September 13 or 14 (if
13 |                                            acceptable)
14 |     (4)  Deborah Brown:     September 4
15 |     (5)  Jimmy Ramirez:     September 5
16 |     (6)  Derrick Dent:      September 7
17 | I also requested that Plaintiffs reconsider challenging Los Angeles
18 | as the deposition location for Mr. Wallin, Mr. King and Mr.
19 | Hitchcock. (A true and correct copy of my August 20, 2012 email is
20 | attached hereto as **Exhibit 8**.)
21 |     13.  Later that evening at approximately 10:49 p.m. PST,
22 | Plaintiffs' counsel, Mr. Ankrom, sent a draft joint stipulation for
23 | a protective order, asking me to fill in Defendant's portion by
24 | August 27, 2012.  This draft joint stipulation had a hearing date of
25 | September 18, 2012, 6 days before the discovery cutoff date.  (A
26 | true and correct copy of this email is attached hereto as **Exhibit**
27 | **9**.)
28 |

-5-

*DECLARATION OF SUSAN C. YU IN SUPPORT OF DFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS*

14.     On August 22, 2012, I, along with my law partner, Tom Mesereau, telephoned Plaintiffs' counsel, Mr. Stephen Ankrom, and made one last effort to meet and confer.  Mr. Ankrom maintained that Plaintiffs did not want Mr. Thomas Wallin, Mr. George King and Mr. John Hitchcock to be deposed in Los Angeles.  Regarding Ms. Deborah Brown, Mr. Jimmy Ramirez and Mr. Derek Dent, Mr. Ankrom advised that Plaintiffs were not sure whether their lawyers were available on these dates.  I stated that Defendant could have noticed Rule 30(b)(6) depositions and find a way to bring these witnesses to Los Angeles, but that it did not do so.  I also stated that Defendant wanted to depose Mr. Wallin, Mr. King and Mr. Hitchcock first in Los Angeles because these gentlemen were decision makers who would be able to answer many questions, possibly narrowing the scope of questions for Ms. Brown, Mr. Ramirez and Mr. Dent.  I added that, based on the dates Plaintiffs had provided, Defendant had no choice but to depose these non-managing agents first, i.e., on September 4, 5 and 7.  Mr. Ankrom, however, could not confirm these dates.  I therefore advised Mr. Ankrom that Defendant had no choice but to seek Ex Parte relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 22, 2012.

                    __/s/ Susan C. Yu_____
                        Susan C. Yu

*DECLARATION OF SUSAN C. YU IN SUPPORT OF DFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS TO APPEAR FOR THEIR DEPOSITIONS*