# EXHIBIT A

Case 2:11-cv-10556-PA-SS   Document 170-3   Filed 11/28/12   Page 1 of 15   Page ID #:3086

# POWLEY | GIBSON

**BY E-MAIL ONLY**

October 3, 2012

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
MESEREAU & YU, LLP
10390 Santa Monica Blvd., Suite 220
Los Angeles, CA 90025

> Re:   *Energy Intelligence Group, Inc. and
> Energy Intelligence Group (UK) Limited* v.
> *Plains All American Pipeline, L.P.*;
> Case # CV 11-10556 PA (SSx) C.D. Cal.
> Our Ref. No. 234.68

Dear Counsel:

Powley & Gibson, p.c.
304 Hudson Street
2nd Floor
New York, NY 10013
212.226.5054
F 212.226.5085
powleygibson.com

     Plaintiffs and Counter-Defendants Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (collectively, "Plaintiffs") write regarding Defendant and Counter-claimant Plains All American Pipeline L.P.'s ("Defendant") long-outstanding discovery deficiencies and improper objections during Plaintiffs' deposition of Defendant's 30(b)(6) designee.

## Instructing Defendant's 30(b)(6) Designee Not to Answer Questions was Improper and is Prejudicial to Plaintiffs

     Plaintiffs served their Federal Rule of Civil Procedure 30(b)(6) notice on Defendant on September 2, 2012. On September 5, 2012, Defendant informed Plaintiffs that its sole Rule 30(b)(6) designee would be Defendant's Senior Counsel, Megan Prout and that she was only available to be deposed on September 24, 2012, the final day of discovery. On September 7, 2012, Plaintiffs wrote to Defendant expressing concern that Defendant would invoke attorney-client privilege unreasonably due to its 30(b)(6) designee being an attorney employed by Defendant. Defendant did not reply.

     During the September 24, 2012 deposition of Megan Prout, Defense counsel improperly instructed Ms. Prout, its own 30(b)(6) designee, to not answer questions relating to the facts that Defendant intends to rely on to support the Affirmative Defenses set forth in its Answer and Counter-Claim. *See, e.g.*, Prout Dep. 15: 5–7 ("MS. YU: With the exception -- I'm going to object to contention interrogatories depending on how you phrase the question. So we'll get to it."); *see also* Prout Dep. 19: 13–21 ("Q: Can you tell us the facts that defendant

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 2

intends to rely to support the contention of 'the claims for relief alleged therein barred in whole or in part by statute of limitations'? MS. YU: Same objection. Instruct the witness not to answer. It's compound. Also inappropriate. Calls for attorney-client privileged communications. Also calls for attorney work product. Also violates the case law that was just previously cited.")

First, as Plaintiffs noted on the record at the deposition of Ms. Prout, the **first time** Defendant raised an objection to the topics noticed in Plaintiffs' 30(b)(6) notice was during the deposition (Prout Dep. 15: 5–13), even though Defendant had been served with Plaintiffs' 30(b)(6) notice on September 2, 2012, and had several weeks to move for a protective order or otherwise object. A party served with a Rule 30(b)(6) deposition notice must respond in one of two ways: (1) designate a person to testify about those topics, or (2) move for a protective order for good cause shown. *See Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Texas 2003).

Defendant did not move for a protective order prior to the deposition. Defendant never attempted to meet and confer with Plaintiffs prior to the deposition regarding its objections to any contention topics, and never objected to any of the topics identified in the 30(b)(6) notice. Had Defendant done so, it would have provided Plaintiffs an opportunity to respond to Defendant's objections or reformulate the deposition topics. Instead, Defendant objected for the first time only after Plaintiffs had travelled to Los Angeles from New York to take the Rule 30(b)(6) deposition. For this reason alone, Defendant's objections are untimely and thus waived.

Second, Defendant has stated that Plaintiffs' 30(b)(6) Topic Nos. 27 through 31, which seek to discover the facts that form the basis for the contentions in Defendant's Answer and Counter-Claim, are improper topics for a 30(b)(6) witness. On the contrary, "contention" topics are *not* prohibited in 30(b)(6) depositions. *See UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.*, C04-1268, 2007 WL 915225 (N.D. Cal. Mar. 23, 2007); *see also Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 272–77 (D. Neb. 1989) (holding that the deponent must recite the facts upon which the defendant relied to support the answer and counterclaim which are not purely legal, even though those facts may have been provided by the defendant's lawyers).

The cases cited by Defendant at the deposition of Megan Prout are not applicable to the present lawsuit. For instance, *West v. Jewelry Innovations, Inc.,* No. C07-01812, 2008 WL 512731(N.D. Cal. Feb. 25, 2008), concerned contention questions regarding the validity of a

Case 2:11-cv-10556-PA-SS   Document 170-3   Filed 11/28/12   Page 4 of 15   Page ID
#:3089

PO W L E Y | G I B S O N

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 3

patent which are wholly inapplicable to this copyright lawsuit.[1] The other case cited by Defendant, *CG Roxanne LLC v. Fiji Water Co. LLC*, No. C07-02258, 2008 WL 2276403, at *6 (N.D. Cal. May 30, 2008) holds that the determination whether Rule 33 contention interrogatories are more appropriate than a Rule 30(b)(6) deposition is to be made on a case-by-case basis, contrary to defense counsel's blanket assertion that contention topics are prohibited in 30(b)(6) depositions. The untimeliness of Defendant's objections made such a determination impossible prior to the deposition.

Third, Plaintiffs' specific questions under these topics were entirely proper. Plaintiffs merely sought to question the witness regarding **the facts** that form the basis for Defendant's claims, not the substance of conversations with counsel, counsel's mental impressions, nor counsel's work product. *See, e.g.,* Prout Dep. 13: 18-22 ("Q So just to let you know, the questions that we are asking would be in your capacity as a witness to provide factual information pursuant to 30(B)(6) Notice for which you've been designated and not in your capacity as counsel."); *see also* Prout Dep. 187: 3 ("MR. POWLEY: I'm asking for her to identify facts."); Prout Dep. 190: 14-15 ("MR. POWLEY: I'm just asking facts that she's aware of."); Prout Dep. 192: 16-24 ("Q BY MR. POWLEY: Okay. Solely for the facts, only the facts, are you aware of any facts regarding the claim that the allegations in the Complaint in this matter are barred by the statute of limitations? MS. YU: Objection. Same objections. Calls for legal conclusion. Calls for attorney work product, and it's improper the way it's phrased. It's a contention interrogatory. It's totally inappropriate in 30(b)(6) deposition.")

Attorney-client privilege only protects the disclosure of communications from client to attorney, and not disclosure of underlying facts by those who communicated with the attorney. *See Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981). Moreover, as noted above, if defense council felt that these topics were prohibited, then she should have objected in a timely manner rather than waiting until the deposition and improperly instructing the witness not to answer.

Defense counsel's assertion that contention questions would be more proper as an interrogatory (*see* Prout Dep. 169: 13-17) is disingenuous. Plaintiffs sought information related to the basis of certain of Defendant's Affirmative Defenses in Plaintiffs' First Set of Interrogatories, and Defendant's responses were of extremely limited use. For example, Plaintiffs' Interrogatory No. 13 asked for the basis for Defendant's contention in its Eighth

---

[1] Patent cases are distinguishable from the present lawsuit because the basis for contentions in patent cases often involve "quasi-legal" arguments that implicate not only facts, but principles of law. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D.Cal.1999), rev'd on other grounds, 765 F.Supp. 611 (N.D.Cal.1991).

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 4

Affirmative Defense that Plaintiffs' claims "are barred, in whole or in part, because any such use was and is de minimis." Defendant's response, verified by Defendant's 30(b)(6) designee Megan Prout, did not refer to any facts related to the de minimis defense.[2] Instead, Defendant's response contained completely unrelated facts and legal conclusions, such as: 1) "Defendant purchased from Plaintiffs the expensive annual subscription license to the *Oil Daily* for its company use;" 2) Plaintiffs sent *Oil Daily* to an administrative assistant "knowing that Defendant's administrative assistants would be forwarding the *Oil Daily*;" and 3) "the act of forwarding emails is not a copyright violation and is so trivial that Plaintiffs' complaint ... [is] barred by the doctrine of de minimis use." Due to Defendant's inadequate responses to Plaintiffs' contention interrogatories, Plaintiffs sought deposition testimony to discover the facts on which Defendant intends to rely on at trial to support its Affirmative Defenses and Counter-Claim. Defendant cannot now insist that interrogatories are the proper method to ascertain this information when it did not fully and properly answer the contention interrogatories that were put to it.

Moreover, Plaintiffs submit that attorney-client privilege was selectively invoked. For instance, Ms. Prout testified regarding how recipients of *Oil Daily* used the Publication. Ms. Prout's testimony was not based on direct conversations with these individuals, but rather conversations with Steve Kaplan, another Plains attorney, who had spoken to individuals on the internal *Oil Daily* distribution list. (Prout Dep. 65: 12–23.) Plaintiffs submit that Defense counsel did not invoke attorney-client privilege in this instance because Defendant felt that the witness's answers were favorable to Defendant's case.

Under Rule 26, Plaintiffs are entitled to learn during the discovery process the facts that Defendant will rely on in support of its affirmative defenses and counter-claims. Plaintiffs are seriously prejudiced by Defendant's unreasonable objections and inexcusable instructions to the witness not to answer Plaintiffs proper questions.

**Designated Witness was Not Prepared to Speak on Noticed Topics**

Defendant's designated 30(b)(6) witness was unprepared to discuss several of the noticed topics. Topic No. 4 in Plaintiffs' 30(b)(6) notice was "[t]he decision by Defendant to subscribe or not subscribe to *Oil Daily*...." The witness was unprepared to answer questions on this topic. (See Prout Dep. 76:15–12; 85: 12 ("A: I'm not the right person for this question—")). The

---

[2] "[A] use is de minimis only if the average audience would not recognize the appropriation." *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004) (citations omitted).

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 5

witness was unable to testify who approved the *Oil Daily* invoice in 2008, 2009, or 2010. (Prout Dep. 85:24 – 89:13.)

Topic No. 1 in Plaintiffs' 30(b)(6) notice was "The ... forwarding and/or otherwise distributing of any of Plaintiffs' publication *Oil Daily* to Defendant's employees, including officers and directors, or third parties, from January 2007 to the present. Topic No. 7 in Plaintiffs' 30(b)(6) notice was "Identification of all the individuals who forwarded or received *Oil Daily* from January 2007 to the present." However, Defendant's 30(b)(6) designee was unaware of and unable to answer questions regarding Defendant's forwarding of *Oil Daily* as well as the identification of the recipients of *Oil Daily* (Prout Dep. 97: 5 – 101:10), and the use of *Oil Daily* (Prout Dep. 177:2–14).

Companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (internal citations omitted). "[I]f an organization designates a witness it believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent." *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 540 (D. Nev. 2008).

Providing a 30(b)(6) witness who is unprepared to answer questions is tantamount to a failure to appear. *Id.* at 542. Thus, Plaintiffs intend to approach the Court for an Order requiring Defendant to produce an additional 30(b)(6) witness or witnesses to testify on these topics.

### Document Production Deficiencies in Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents

First, Defendant has failed to produce documents responsive to the majority of Plaintiffs' Requests for Documents. In response to Judge Segal's Court Order of September 10, 2012 (Dkt. No. 105) ordering Defendant to provide a "written response identifying by bates number range which documents are responsive to which specific discovery requests," Defendant provided to Plaintiffs a text overlay file to serve as an index of Defendant's production of approximately 1.1 million pages. However, this index/text overlay file reflects that Defendants have only produced documents responsive to Plaintiffs' Requests Nos. 1, 2, 4, 5 and 6. Plaintiffs' letter of September 18, 2012 asked that Defendant confirm that among all documents produced by Defendant so far,

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 6

none are responsive to Plaintiffs' Requests Nos. 3 and 7 through 18. As of this date, Defendant has failed to respond to that letter.

Moreover, Plaintiffs asked Defendant to state in writing whether any non-privileged documents responsive to Plaintiffs' Requests Nos. 7, 9, 10, and 13 were located after a diligent and comprehensive search. Judge Segal's Court Order dated August 8, 2012 (Dkt. No. 79, pp. 8–9) ordered Defendant to produce documents responsive to these requests, yet none have been produced, based on Defendant's index.

Second, Defendant has failed to provide supplemental written responses to Plaintiffs' First Request for Document Requests or documents responsive to Plaintiffs' third-party publication requests as ordered in Judge Segal's August 8, 2012 Court Order (Dkt. No. 79, pp. 8–9). To this end, Plaintiffs reiterate their request in their September 18, 2012 letter for Defendant to specifically confirm whether it will hereby be serving any written supplemental Responses to Plaintiffs First Set of Document Requests and/or additional written supplemental responses to Plaintiffs' First Set of Interrogatories.

Third, Defendant has failed to produce a key document that Defendant admits is in its possession. During the depositions of Araceli Gudino Orozco on September 19, 2012 and Megan Prout on September 24, 2012, Defendant's witnesses acknowledged discovering an email dated October 19, 2012 from Deborah Brown to Araceli Gudino, (produced by Plaintiffs with Bates No. EIG026902) in which Ms. Brown instructed Ms. Gudino not to forward *Oil Daily*. According to Ms. Orozco's deposition testimony, Defendant located this document after the present lawsuit was filed. (Gudino Dep. 71: 9-20, 122: 4-15.) Similarly, Ms. Prout testified that Defendant was aware of and had located the email. (Prout Dep. 95:4–96:10.) Furthermore, Ms. Prout testified that analysis of the email's metadata corroborated Ms. Gudino's allegations that Ms. Gudino did not read this email until after Plaintiffs filed the present suit. Plaintiffs have been unable to locate this key document in Defendant's production. Plaintiffs request that Defendant immediately produce this document with the relevant metadata.

Fourth, Defendant has produced a number of documents that do not appear to have been produced as they were kept in the ordinary course of business. For example, Defendant's witness Araceli Gudino Orozco testified that a December 8, 2011 email between Araceli Gudino and 'AP Customer Service' (PAA00440800–PAA00440806) produced by Defendant was not an accurate copy of the email Ms. Gudino sent on December 8, 2011 (Gudino Dep. 110:16–18.) The Federal Rules of Civil Procedure require that a party must produce documents as they are kept in the usual course of business and in the form in which they are ordinarily maintained. *See* Fed. R. Civ. P. 34(b)(2)(E). Plaintiffs request that Defendant re-produce PAA00440800–

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 7

PAA00440806 and all documents that have been similarly altered, in a format that is an accurate representation of how the documents were maintained in the ordinary course of business, as required by the Federal Rules of Procedure and the Court's Orders.

Further, Plaintiffs have identified several documents that appear to have modified attachments. Specifically, Plaintiffs point to the following documents:

An e-mail between Christy E. Sherman and Sonya R. Jones dated October 7, 2008 (PAA00364781) which includes an attachment ("Oil Daily"). However, the attachment (PAA00364781) includes only the word "Modified:" and no other information.

An e-mail between Bryan W. Joyce and Sonya R. Jones dated March 18, 2009 (PAA00133752) which includes an attachment ("Oil Daily"). However, the attachment (PAA00133753) includes only the word "Modified:" and no other information.

It is unclear why the attachments of these documents appear this way. Plaintiffs request that Defendant immediately produce all unredacted or unmodified versions of Bates Nos. PAA00364781 and PAA00133753 as well as unredacted or unmodified versions of any and all documents that have been similarly modified or redacted.

### Deficiencies in Defendant's Objections to and Responses to Plaintiffs' Second Requests for Production of Documents

Defendant has provided no basis for the claim that Requests Nos. 19 and 20 (identified in Plaintiffs' Second Requests for Production of Documents, served on August 22, 2012) require it to produce documents protected by attorney-client privilege, and indeed, the organizational chart and corporate structure of a publicly-traded company, such as Plains All American Pipeline, L.P. cannot reasonably be said to be privileged. Defendant's claim of "the rights of privacy," is novel, and may be acceptable in a criminal trial, but is wholly without merit here, particularly since a Protective Order is in place in this proceeding.

Defendant also objects to Requests Nos. 19 and 20 on the basis that they seek documents that "are not relevant, reasonably restricted in scope or time, and therefore are overly broad, unduly burdensome, harassing, duplicative and oppressive" (Second Objections, p. 2, lines 21-23) and "vague, overbroad, unduly burdensome, …not necessary to the prosecution or defense of this action and not reasonably calculated to lead to the discovery of admissible evidence" (Second Objections, p. 5, lines 2-5 and 18-21). Plaintiffs have specifically and expressly limited

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 8

all of their Second Requests for Production of Documents by Paragraph 2 of their Instructions and Definitions, as follows: *"To the extent that any Instructions or Definitions have been modified by agreement of the Parties or by order of the Court, the modified Instruction and/or Definition controls."* Thus, the Requests have already been appropriately limited in scope, by not only the Court's Orders relevant to discovery in this matter, but also by Defendant's express agreements with Plaintiffs. Under these circumstances, Defendant's objections are improper.

Moreover, Requests Nos. 19 and 20 are not duplicative of any previous Request by Plaintiffs and therefore, cannot reasonably be said to seek documents previously produced. The existing production of documents to Plaintiffs does not in fact include any of Defendant's organizational charts, corporate structure information, or similar documents.

Defendant's objections to Request No. 21 (identified in Plaintiffs' Second Requests for Production of Documents) are similarly improper. None of the objections, either general or specific to this request, reasonably apply. Request No. 21 seeks factual information regarding the job titles and job descriptions for those individuals identified in Defendant's response to Interrogatory Nos. 1 and 2. The information sought is factual in nature, and accordingly, Defendant's claim of various privileges is completely baseless. The information sought is material and relevant, because it constitutes identifying information with respect to the individuals who forwarded *Oil Daily* as alleged in the Complaint and whose names have already been provided in the course of discovery. Defendant's claim that this Request seeks documents that "are not relevant, reasonably restricted in scope or time, and therefore are overly broad, unduly burdensome, harassing, duplicative and oppressive" (Second Objections, p. 2, lines 21-23) is neither reasonable nor factual. This request has been specifically limited by the parties' prior agreements and the Court's orders (as discussed in detail above) and thus cannot be considered overly broad, unduly burdensome, or otherwise objectionable.

Defendant's objections to Requests Nos. 22 and 23 are also inappropriate. Those requests seek the *factual* basis for Defendant's claims that certain ESI is inaccessible. As facts, this information is not privileged and cannot be withheld on that basis. Moreover, this information is relevant and necessary to Plaintiffs' claims and defenses and their ability to obtain proper discovery from Defendant. As above, this request has been specifically limited by the parties' prior agreements and the Court's orders and is thus not objectionable on the stated bases.

Request No. 24 seeks information regarding Defendant's revenue for each business unit identified in Defendant's response to Interrogatory No. 2. Defendant's claim that this request requires it to produce documents protected by attorney-client privilege is baseless. This information, particularly as it pertains to a publicly-traded company, such as Plains All American

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 9

Pipeline, L.P., cannot reasonably be said to be privileged. Moreover, this information is relevant and necessary to Plaintiffs' claims and defenses. As above, this request has been specifically limited by the parties' prior agreements and the Court's orders and is thus not objectionable on Defendant's stated bases. If this information has already been provided in the course of discovery, Plaintiffs' hereby requests that Defendant identify the Bates numbers of the documents in which the requested information is contained.

Because Defendant's objections to the above-referenced Requests for Production of Documents are improper, Plaintiffs hereby request that Defendant produce the requested documents and materials in accordance with F.R. Civ. P. 34 and in the format and manner described in Judge Segal's Order dated August 8, 2012 (Docket No. 79).

**Identification of Documents to be Produced**

During the course of the depositions of Defendant's witnesses, several documents were identified that Plaintiffs requested that Defendant locate and produce.

Defendant's 30(b)(6) designee Megan Prout identified Defendant's Code of Conduct handbook when asked about employee manuals. (Prout Dep. 107:2–4.) Plaintiffs requested that Defendant produce the Code of Conduct on the record. (Prout Dep. 108:14–16.) This document is relevant and responsive to Plaintiffs' Document Request No. 13: "All documents concerning or relating to Defendant's internal policies and procedures relevant to the use of third-party copyrighted materials, regardless of subject matter, including but not limited to software, newsletters, periodicals, magazines, publications, and other printed or electronic materials." Plaintiffs request that Defendant produce this document.

As set forth above, Plaintiffs request that Defendant produce, with metadata, the October 19, 2012 email from Deborah Brown to Araceli Gudino that was discussed during the depositions of Araceli Gudino Orozco and Megan Prout. (Gudino Dep. 71: 9-20, 122: 4-15; Prout Dep. 95:4–96:10.)

Finally, Plaintiffs request subscription agreements for January 2007 to the present for the third-party publications that Ms. Prout testified to during the 30(b)(6) deposition: Argus, OPIS, and Platts. (Prout Dep. 110: 25–112: 22; 113: 11–115: 10.) The subscription agreements for these publications are relevant to Plaintiffs' claims and Defendant's Affirmative Defenses.

During the 30(b)(6) deposition, Defendant stated that these third-party publications were not covered by Judge Segal's Order of August 8, 2012 because these publications are not governed by a single-user agreement. (Prout Dep. 113: 3–6.) However, that is a faulty reading of

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 10

the Order. Judge Segal strongly agreed with Plaintiffs that documents related to third-party copyrighted publications are highly relevant to a showing of willfulness, and are therefore discoverable. The only reason for limiting Defendant's production obligations to publications with a "subscription contract that is either expressly or potentially limited to a single user" is because otherwise Defendant would be required "to collect, review and produce hundreds, if not thousands, of documents that will have no relevance to Defendant's willfulness with respect to Plaintiffs' publications." (Dkt. No. 79, pp 7–8.)

However, that rationale does not apply to the subscription agreements for Argus, OPIS, and Platts, as they have already been identified. Defendant will not need to search through all its files to identify potentially relevant documents, as the relevant documents have already been identified. Therefore, the burden on Defendant to locate and produce these documents is minimal.

Accordingly, Plaintiffs request that Defendant immediately produce Defendant's Code of Conduct, the October 19, 2011 email from Deborah Brown to Araceli Gudino, and the subscription agreements from January 2007 to the present for any third-party publications published by Argus, OPIS, and Platts.

### Deficiencies in Defendant's Objections to and Responses to Plaintiffs' First Set of Interrogatories

Defendant has still not provided full responses to Plaintiffs First Set of Interrogatories. Plaintiffs' First Set of Interrogatories to Defendant contains Interrogatory No. 1, which asks Defendant to "[i]dentify each individual employee, director, officer, agent, and/or board member who received any of Plaintiffs' Publications…."

Interrogatory No. 2 asks Defendant to "[i]dentify each individual employee, director, officer, agent, and/or board member who forwarded any of Plaintiffs' Publications to any entity(ies) and/or individual(s), whether employees of Defendant or otherwise, and *identify each of the recipients* by employer, name, email address, address and telephone number, if known, and the date that each publication was sent to each individual(s) and/or entity(ies) during the Applicable Period." (emphasis added).

Moreover, the Definitions referred to in Plaintiffs' First Set of Interrogatories explicitly state that, "[w]hen referring to a person, 'to identify' means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 11

      In its Objections and Responses to Plaintiffs' First Set of Interrogatories, Defendant did not identify the employer, email address, present or last known address, or telephone number of the distributors and recipients of Plaintiffs' Publications. Thus the responses are incomplete and in violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(3).

      In order to comply with its discovery obligations under the Federal Rules of Civil Procedure, Defendant must fully answer Plaintiffs' Interrogatories. Plaintiffs have previously notified Defendant of these deficiencies and requested by letter dated August 23, 2012 that Defendant supplement its responses and provide full answers to Interrogatories No. 1 and 2. Plaintiffs have not received any response whatsoever from Defendant regarding this request.

      This issue was further raised during the deposition of Megan Prout on September 24, 2012. For example, Plaintiffs' Exhibit 38 (PAA01107930–939) shows that an individual named Raquel Diaz Gallegos was forwarded a copy of *Oil Daily*. Deponent Megan Prout, who was designated to identify the recipients of *Oil Daily*, was not able to identify Raquel Diaz Gallegos as an employee of Defendant. Defense counsel objected and stated that Plaintiffs should ask the question in an interrogatory. (Prout Dep. 132:6–134:10.) As Plaintiffs stated on the record during the deposition, Defendant has been served with Interrogatories requesting that Defendant identify the recipients of *Oil Daily* and Defendant has not fully responded to those interrogatories.[3] Plaintiffs reiterate their demands that Defendant fully, completely, and accurately answer Plaintiffs' interrogatories.

### Deficiencies in Defendant's Objections to and Responses to Plaintiffs' Second Set of Interrogatories

      Defendant's objections to Interrogatory No. 14 (identified in Plaintiffs' Second Set of Interrogatories) are inappropriate. By that Interrogatory, Plaintiffs seek facts concerning Defendant's subscription(s) to third-party copyrighted publications. As discussed in detail above, that information, as *facts,* cannot reasonably be said to be privileged. Moreover, as to the remainder of the objections, Plaintiffs have specifically and expressly limited this Interrogatory (as well as all others in Plaintiffs' Second Set of Interrogatories, served on August 22, 2012), as follows: *"To the extent that any Instructions or Definitions have been modified by agreement of the Parties or by order of the Court, the modified Instruction and/or Definition controls."* The Court has already issued an Order dated August 8, 2012 (Dkt. No. 79, pp. 8–9) identifying the

---

[3] Defense counsel similarly objected when the 30(b)(6) designee was asked to identify other recipients of *Oil Daily*. (*See* Prout Dep. 138:4–25.)

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 12

scope of proper discovery with respect to third-party publications, and accordingly, Defendant's objections are improper.

Interrogatories Nos. 15 and 16 (identified in Plaintiffs' Second Set of Interrogatories) seek information regarding the identity of individuals who forwarded the aforementioned third-party publications and who were responsible for the decision to subscribe to those third-party publications. Defendant's objections to these Interrogatories are improper. The information requested is factual in nature and thus cannot reasonably be said to be privileged. Defendant's other objections to these Interrogatories are similarly unreasonable. Because the third-party publications have already been deemed relevant by the Court, the requested information is relevant and necessary, and not otherwise objectionable on Defendant's stated bases of vagueness, ambiguity, etc.

Interrogatory Nos. 17 and 18 (identified in Plaintiffs' Second Set of Interrogatories) request further identifying information for the individuals who received or distributed *Oil Daily*. Interrogatory No. 19 requests the identity of the individual(s) responsible for the decision to subscribe to *Oil Daily*. Interrogatory No. 20 seeks information about the individuals who received permission from Plaintiffs, written or otherwise, to distribute or forward *Oil Daily*. Interrogatory No. 21 requests the identity of the individual(s) who reviewed the subscription agreements relating to *Oil Daily*. Defendant's objections, both general and specific, to these Interrogatories are improper. The information requested is factual in nature and thus cannot reasonably be said to be privileged. Moreover, this information is central to the elements of Plaintiffs' claim of copyright infringement as well as its defenses to the pending Counterclaim, and thus the Request cannot, *per se,* be objectionable. Because this request has already been appropriately limited by the parties' prior agreements and the Court's orders, it is not objectionable on Defendant's stated bases of vagueness, ambiguity, etc.

Defendant's objections to Interrogatory No. 22 are similarly improper. Interrogatory No. 22 seeks the identity of each of Defendant's limited partners. Defendant's claim that this request requires it to produce documents protected by attorney-client privilege is baseless. This information, particularly as it pertains to a publicly-traded company, such as Plains All American Pipeline, L.P., cannot reasonably be said to be privileged. Moreover, this information is relevant and necessary to Plaintiffs' claims and defenses. As above, this request has been specifically limited by the parties' prior agreements and the Court's orders and is thus not objectionable on Defendant's stated bases. As such, Defendant's objections to these Interrogatories are improper.

Because Defendant's objections to the above-referenced Interrogatories are improper, Plaintiffs hereby request that Defendant provide complete and accurate responses to the

POWLEY | GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 13

Interrogatories, in accordance with Federal Rule of Civil Procedure 33 and in the format and manner described in Judge Segal's Order dated August 8, 2012 (Dkt. No. 79.)

### Deficiencies in Defendant's Index

After loading the text overlay file intended to serve as an index of Defendant's production, Plaintiffs confirmed that 14,348 of the documents produced by Defendant are not identified in the index/text overlay file as being responsive to any of its Document Requests.

A review of a sample of the 14,348 documents reveals that in fact some of these documents are indeed responsive to Requests other than Nos. 1, 2, 4, 5, or 6, and thus Defendant's index/text overlay file is misleading and undermines Plaintiffs' efforts at reasonable discovery. As an example, the email and attachment produced as Bates Nos. PAA00053668 and PAA00053669 are not labeled as responsive to any document requests in the index/overlay file, yet the attachment is a marketing budget listing a subscription to *Oil Daily*. This is responsive to Plaintiffs' Document Request No. 10 which requests "[a]ll documents concerning or relating to Defendant's annual budget for purchasing, subscribing to, and/or otherwise obtaining subscriptions, publications, periodicals and other materials including software from third-party sources, including Plaintiffs' Publication(s), during the Applicable Period."

The fact that there are responsive documents in Defendant's production that are not labeled as responsive in Defendant's index/text overlay file makes it impossible for Plaintiffs to rely on Defendant's designation of documents and related statements. It also places Defendant in clear violation of the Court's September 10, 2012 Order.

Plaintiffs requested on September 19, 2012 that Defendant immediately produce a replacement index that correctly identifies each of the 14,348 non-designated documents as either being responsive to a particular Document Request(s), or as being unresponsive to *any* of Plaintiffs' Document Requests. Defendant has not responded. Plaintiffs hereby reiterate their request.

### Request for Meet and Confer

In addition to the requests made above, Plaintiffs hereby request that Defendant meets and confers with Plaintiffs as soon as practicable regarding the deficiencies identified in this letter.

POWLEY|GIBSON

Susan C. Yu, Esq.
Thomas A. Mesereau, Jr., Esq.
October 3, 2012
Page 14


Sincerely,

*[signature]*

Stephen M. Ankrom