Susan C. Yu (SBN 195640)
Email: yu@mesereauyu.com
Thomas A. Mesereau, Jr. (SBN 91182)
Email: mesereau@mesereauyu.com
MESEREAU & YU, LLP
10390 Santa Monica Blvd., Suite 220
Los Angeles, CA, 90025
Telephone: (310) 789-1177
Facsimile: (310) 861-1007

Attorneys for Defendants and Counter-Claimants
PLAINS ALL AMERICAN PIPELINE, L.P. AND
PLAINS MARKETING, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED<br><br>Plaintiffs,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P.; and PLAINS MARKETING, L.P.<br><br>Defendants.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P.; and PLAINS MARKETING, L.P.,<br><br>Counter-Claimant,<br><br>v.<br><br>ENERGY INTELLIGENCE GROUP, INC.; and ENERGY INTELLIGENCE GROUP (UK) LIMITED<br><br>Counter-Defendants. | Case No.  CV 11-10556 PA (SSx)<br><br>[Consolidated with CV 12-05867 on 11/21/12]<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL DISCOVERY; DECLARATIONS OF SUSAN C. YU AND AMY FENG IN SUPPORT THEREOF<br><br>MIL HEARING: 12/17/12<br>FINAL TRIAL CONF.:  12/21/12<br>DISCOVERY CUTOFF: 12/28/12<br>TRIAL: 1/15/13 |

Defendants and Counter-claimants PLAINS ALL AMERICAN PIPELINE, L.P, and PLAINS MARKETING, L.P. ("Defendants") hereby oppose the ex parte application of Plaintiffs and Counter-Defendants ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED ("Plaintiffs").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs' *Ex Parte* must be denied for at least four main reasons.

<u>First</u>, Plaintiffs <u>never</u> gave notice of this *Ex Parte*, in violation of Local Rule 7-19.1. (<u>See</u> transcript of voice recording of Mr. Ankrom's 11/28/12 at 12:48 p.m., <u>Exhibit A</u> to Feng Decl.)

<u>Second</u>, Plaintiffs <u>never</u> met and conferred regarding this *Ex Parte*, in violation of Local Rules 7-19.1, 37-1, 37-2. The parties did not discuss any of the discovery issues raised by this ex parte application during their November 26, 2012 telephone call.

<u>Third</u>, Plaintiffs' *Ex Parte* is brought in bad faith because (1) Plaintiffs know that Defendant has fully complied with this Court's August 8, 2012 Order; (2) Plaintiffs' August 22, 2012 written discovery is beyond the scope of the limited discovery Plaintiffs told Judge Anderson they needed after consolidation; (3) Plaintiffs know that Defendant has no third party single user/one-person electronic subscriptions; and (4) Plaintiffs know that contention interrogatory questions at depositions are not allowed.

<u>Fourth</u>, there are too many discovery issues for Defendants to meaningfully address on an ex parte basis, particularly since the parties have not yet met and conferred regarding any of these

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL DISCOVERY

1  issues.

2  In sum, this Court should deny Plaintiffs' *Ex Parte*.

3  II.

4  STATEMENT OF RELEVANT FACTS

5  A. Background – Two Lawsuits

6  Plaintiffs filed two separate lawsuits in this District Court.
7  The first action was filed on December 21, 2011 ("EIG I"). The
8  second action was filed on July 6, 2012 ("EIG II").

9  Both actions involve the same key issue, i.e., whether only one
10 employee was entitled read the Oil Daily newspaper.

11 B. EIG I - Discovery

12 The discovery cut-off date in EIG I was September 24, 2012.

13 This Court is well aware that the parties litigated extensive
14 discovery disputes in EIG I.

15 On July 31, 2012, this Court (i.e., Magistrate Judge Suzanne H.
16 Segal) held a hearing on the parties' discovery motions, i.e.,
17 Plaintiffs' motion to compel and Defendant's motion for protective
18 order. (See 7/31/12 Hearing Transcript[1], Exhibit 2 to Yu Decl.)

19 As this hearing transcript shows, only two issues were before
20 the court: (1) whether Defendant must produce all third party
21 materials to Plaintiffs; and (2) whether Defendant must produce post
22 January 1, 2009 ESI earlier than 8/31/12.

23 After hearing both sides, this Court ruled that the third-party
24 materials were relevant, but that Plaintiffs' requests had to be
25 narrowed because it was too overbroad. The Court stated that it

---

[1] Mr. Robert Powley, not Mr. Stephen Ankrom, argued at the hearing. However, the transcript mistakenly shows Mr. Ankrom as the lawyer arguing for Plaintiffs.

1  would narrow the scope of third party materials in its Order, which
2  this Court issued on August 8, 2012.  (Dkt. No. 79.)
3      The August 8, 2012 Order unequivocally provides:
4      "[A]s currently drafted, Plaintiffs' requests pertaining to
5  third party publications are overbroad.  Literally construed, the
6  requests are likely to require Defendant to collect, review and
7  produce hundreds, if not thousands, of documents that will have no
8  relevance to Defendant's willfulness with respect to Plaintiffs'
9  publications.  Therefore, the discovery requests must be narrowed."
10 (August 8, 2012 Order, at 8:8-13, Dkt. No. 79.)
11     "For the reasons stated above, Plaintiffs' Motion to Compel
12 Production of Documents and Complete Responses to Interrogatories is
13 GRANTED in part to the extent that it seeks documents and other
14 information related to third party publications, as limited by the
15 Court to similarly situated copyrighted, electronically distributed,
16 newsletters or similar publications between the period of December
17 1, 2006 and December 31, 2011 for which Defendant purchased a
18 subscription that is expressly or potentially limited to a single
19 user."  (August 8, 2012 Order, at 9:9-16, Dkt. No. 79.)
20     In strict compliance with this Court's August 8, 2012 Order,
21 Defendant searched for all third party documents, as limited by this
22 Court.  Defendant, however, found no such documents.
23     On September 24, 2012, on the discovery cut-off date,
24 Plaintiffs deposed Ms. Megan Prout.
25     At Ms. Prout's deposition, Plaintiffs improperly and repeatedly
26 asked contention interrogatory questions, asking Ms. Prout to state
27 "all facts which support your contention that . . ."
28     This questioning became so abusive that Defendant's counsel,

1 after interjecting objections, had no choice but to instruct Ms.
2 Prout not to answer.
3 C. <u>Key events after 9/24/12 Discovery Cut-Off in EIG I</u>
4     On <u>September 27, 2012</u>, Judge Percy Anderson <u>denied</u> Plaintiffs'
5 Motion to continue trial. (Dkt. No. 117.)
6     Thereafter, on <u>October 3, 2012</u>, nearly 10 days after the
7 9/24/12 discovery cut off, Plaintiffs sent a letter to Defendant
8 complaining that Ms. Prout should have answered contention
9 interrogatory questions. (Exhibit B to Ankrom Decl.)
10     On <u>October 10, 2012</u>, Defendant sent a letter to Plaintiffs,
11 asking how the parties could resolve Plaintiffs' 10/3/12 letter
12 disputes in light of the fact that the discovery had passed. (See
13 Exhibit C to Ankrom Decl.) Plaintiffs <u>did not respond</u>.
14     On <u>October 16, 2012</u>, after forcing Defendant to incur
15 significant discovery costs, resources and legal fees, Plaintiffs
16 filed a motion to consolidate EIG I and EIG II to be heard on
17 <u>November 19, 2012</u>, two weeks before the <u>December 4, 2012</u> scheduled
18 trial date in EIG I. (Dkt. 25, EIG II.)
19     On <u>November 9, 2012</u>, Plaintiffs sent by email a copy of <u>three</u>
20 <u>subpoenas</u> they had served on three third party publishers, Argus
21 (served in Delaware), Opis (served in Maryland) and Platts (served
22 in New York), requesting confidential, proprietary, trade secret
23 information since 1999, all to be produced on <u>November 30, 2012</u>.
24 (<u>Exhibit 3</u>, Yu Decl., ¶ 8.)
25     Plaintiffs issued and served these subpoenas outside this
26 District Court, under EIG II caption, but demanded these third
27 parties to produce the documents for "Trial," i.e., 12/4/12 trial in
28 EIG I. (Yu Decl., ¶ 9.)

-5-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL DISCOVERY

D. <u>November 19, 2012 Hearing on consolidation</u>

At the November 19, 2012 hearing, after consolidating EIG I and EIG II, the Presiding Judge Percy Anderson, told the parties that the consolidated cases will be tried on <u>December 18, 2012</u>.

Mr. Powley (Plaintiffs' lead trial counsel) told Judge Anderson that he needed more time. Judge Anderson asked him how much more time he needed. Mr. Powley said 2 months. Judge Anderson said you are not getting 2 months. Mr. Powley said he needed discovery. Judge Anderson asked what discovery. Mr. Powley said he needed depositions and pre-2009 ESI documents. Judge Anderson asked how many depositions. Mr. Powley said "two depositions." Judge Anderson asked whose depositions. Mr. Powley said, "Dominic Ferrare" and another person. Judge Anderson then asked about pre-2009 ESI documents. The undersigned (Defendant's lead trial counsel) said that the pre-2009 ESI had been litigated before Judge Segal. The undersigned stated that the pre-2009 ESI were on backup tapes that were inaccessible. Judge Anderson asked how long it would take to retrieve ESI from these backup tapes. The undersigned said years and years. Judge Anderson then said words to the effect, why don't you give them the tapes and let them play with them for years and years. The undersigned told Judge Anderson that these backup tapes could not be turned over because they contained all other company information, including privileged materials, not just the Oil Daily emails. Indeed these backup tapes were not destroyed because of litigation hold.

Judge Anderson stated that he was ready to try this case "next week" (i.e., next week from November 19, 2012). Clearly, Judge Anderson was not inclined to push the trial date to beyond December

-6-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL DISCOVERY

1  18, 2012.
2      Judge Anderson then asked the undersigned and Mr. Powley to
3  pick January 15 or January 22, 2013 as the new trial date.  The
4  undersigned requested January 15 because of her trial schedule in
5  other matters.  Mr. Powley requested January 22, 2013 without citing
6  other trial or scheduling conflicts.
7      On November 21, 2012, Judge Anderson issued a Minute Order
8  continuing the trial date to January 15, 2013.  Judge Anderson did
9  so based on Mr. Powley's representation that he had only 2
10 depositions and needed pre-ESI 2009 documents on backup tapes (an
11 issue already litigated before Judge Segal).  Judge Anderson was
12 very strict about the scope and parameters of Plaintiffs' request
13 for "more discovery" when he continued the new trial date from
14 December 18, 2012 to January 15, 2013.
15     Judge Anderson also ordered the parties to submit names of
16 officers who can participate in mediation by November 26, 2012.
17     On November 26, 2012, after Defendant served objections to the
18 third party subpoenas Plaintiffs had served on Argus, Opis and
19 Platts, Plaintiffs' counsel, Mr. Ankrom, left a message on the
20 undersigned's voicemail box, asking to return his call to "discuss
21 mediation."
22     That same day, i.e., November 26, 2012, Argus's counsel
23 informed Defendant's counsel that Argus objects to Plaintiffs'
24 subpoena and that Argus had served its written objections on
25 Plaintiffs' counsel.
26     When the undersigned returned Mr. Ankrom's call, Mr. Ankrom
27 stated that Plaintiffs agreed to December 6 or 7 for mediation.  He
28 then stated that "while I have you on the phone, I want talk to you

1 about third party publications." He stated that he received
2 Defendant's objections to third party subpoenas and that he wanted
3 to discuss this issue because he was considering filing a motion to
4 compel the same third party documents they had subpoenaed. Mr.
5 Ankrom <u>never</u> said Plaintiffs will be filing an ex parte.

6     The undersigned told Mr. Ankrom that Plaintiffs needed to
7 resolve those subpoenas with third parties, not Defendant, because
8 those third parties were objecting. The next day, November 27,
9 2012, the undersigned sent an email to Mr. Ankrom memorializing this
10 conversation. (See Exhibit I, Ankrom Decl.)

11 E. <u>Third Parties' Objections to Plaintiffs' Subpoenas</u>

12     On <u>November 28, 2012</u>, Platts' counsel informed Defendant's
13 counsel that Platts objects to Plaintiffs' subpoena and that Platts
14 has notified Plaintiffs' counsel that Platts will serve its
15 objections on Plaintiffs' counsel. That same day, Defendant's
16 counsel learned that Opis was also objecting to Plaintiffs'
17 subpoena.

18     That same day, at approximately 12:58 p.m., Mr. Ankrom left a
19 message on the undersigned's voicemail box that he needed to discuss
20 mediation, deposition of Mr. Ferrari and a <u>motion to compel</u>. Again,
21 Plaintiffs never said they will be filing an *Ex Parte*.

22     Plaintiffs then sent an email that afternoon at 2:30 p.m.
23 stating that they needed to urgently discuss various issues,
24 including mediation, pretrial conference filings, and Ex Parte
25 motion, which Plaintiffs never discussed with Defendant.

26     Later that evening, Plaintiffs filed this voluminous Ex Parte.
27     With the court's permission, Defendant submits this Opposition
28 today, November 30, 2012.

III.

ARGUMENT

A. <u>Plaintiffs' Ex Parte Application Should Be Denied Because It Is Procedurally Improper</u>

Plaintiffs' Ex Parte Application is improper and should be denied because it fails to comply with the general requirements and specific Central District Local Rule requirements for ex parte applications and motions to compel discovery.

1. <u>The Requirements For Ex Parte Relief Have Not Been Met</u>

Courts are extremely reluctant to act ex parte in civil actions because the nonmoving party does not have a meaningful opportunity to present all the facts the court needs to know before making a ruling and that its ruling, therefore, may be incorrect or unfair to the nonmoving party. <u>See</u> <u>In re Inter-magnetics America, Inc</u>. (C.D. Cal. 1989) 101 B.R. 191, 192-93.

As a result, there are strict procedural and substantive requirements that must be met before an ex parte application may be brought.

First of all, it is the duty of the attorney applying for ex parte relief to make a good faith effort to advise counsel for all other parties, if known, when and where the application will be made, the nature of relief sought, and whether, after being advised of the date and substance of the proposed ex parte application, the other party will oppose the application. <u>See</u> C.D. Cal. Local Rule 7-19.1. Plaintiffs' counsel failed to give such prior notice here.

Second, the ex parte application must show why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." <u>Mission Power</u>

1  Engineering Co. v. Continental Cas. Co. (C.D. Cal. 1995) 883 F.Supp.
2  488, 492.  To make this showing, Plaintiffs must show that (1) they
3  will suffer irreparably prejudice if the underlying motion is heard
4  on regular, or even shortened, notice and (2) they are without fault
5  in creating the crisis or that the crisis occurred as a result of
6  excusable neglect.  As the Court in Mission Power stated:  "Ex parte
7  applications are not intended to save the day for parties who have
8  failed to present requests when they should have . . ." Mission
9  Power Engineering Co. v. Continental Cas. Co., supra, 883 F.Supp. at
10 492; see also In re Intermagnetics America, Inc. (C.D. Cal. 1989)
11 101 B.R. 191, 193.
12      Plaintiffs cannot demonstrate either irreparable prejudice or
13 excusable delay here because Plaintiff is seeking to compel
14 compliance with a court order that was issued back on August 8, 2012
15 (with which Defendants already fully complied), further responses to
16 written discovery served on August 22, 2012, and answers to
17 questions asked at a deposition that was taken back on September 24,
18 2012.
19      Judge Anderson has now consolidated the cases and set this
20 case for trial on January 15, 2013 based on a representation from
21 Plaintiffs' counsel that they only needed two additional depositions
22 and certain pre-2009 documents from Defendants off of backup tapes.
23 It was Judge Anderson who told Plaintiffs that he was ready to order
24 the consolidated case to trial right away.  It was Judge Anderson
25 that also told Plaintiffs that he was not going to give them
26 additional time to conduct discovery beyond the limited discovery
27 they specifically requested.  Plaintiffs therefore have no one to
28 blame but themselves for their failure to seek to compel the

discovery sought here a lot sooner or for the predicament in which they now find themselves.  There is no <u>irreparable prejudice</u> to Plaintiffs here.

Nor is there any justifiable excuse for Plaintiffs' delay in raising these issues until now.  At the hearing on Plaintiffs' motion to consolidate, Judge Anderson was only willing to extend discovery for a month and a half to accommodate three specific discovery requests Plaintiffs' counsel made at the hearing.  None of the further written discovery responses, third-party subscription documents, or deposition answers sought to be compelled by this ex parte application was among those specific requests.  If Judge Anderson thought Plaintiffs already had sufficient time to conduct most of their discovery with the exception of the three specific items they mentioned at the hearing on the motion to consolidate, then there is no reason for this court to think differently.  Plus, there is still over a month and a half to go before trial.  There is no justification for ex parte relief under these circumstances.  Plaintiffs' ex parte application should be denied for these reasons alone.

    2. <u>Plaintiffs' Ex Parte Request To Compel Discovery Fails To Comply With The General And Local Rule Requirements For Motions To Compel Discovery</u>

Plaintiffs' ex parte application should also be denied because it fails to comply with the Central District Local Rule requirements for motions to compel discovery.

First, Plaintiffs' counsel failed to meet and confer in good faith prior to filing this ex parte application.  A failure to comply with the meet and confer requirement is sufficient ground in

and of itself for a denial of the motion to compel. See Robinson v. Potter (8th Cir. 2006) 453 F.3d 990, 995 (motion to compel properly denied where no showing of attempts to confer in good faith to resolve discovery dispute before filing motion); Ross v. Citifinancial, Inc. (SD MS 2001) 203 F.R.D. 239, 240 (attachment of Rule 37(a)(1) certificate is "mandatory prerequisite" on motion to compel); Hager v. Graham (ND WV 2010) 267 F.R.D. 486, 491-92 (failure to confer or attempt to confer is ground for denial of motion to compel).

Plaintiffs' purported "attempts" to meet and confer by sending a letter the night before the Thanksgiving holiday and thereafter following up with a single e-mail on the date they filed their ex parte application is patently inadequate. See Soto v. City of Concord (N.D. Cal. 1995) 162 F.R.D. 603, 623 (must attempt to have a live exchange of ideas and opinions); Hoelzel v. First Select Corp. (D. Col. 2003) 214 F.R.D. 634, 636 (single e-mail message not a meaningful meet and confer); Aponte-Navedo v. Nalco Chemical Co. (D. PR 2010) 268 F.R.D. 31, 40-41 (sending 2 e-mails without conferring in person or by telephone not sufficient).

Most importantly, Plaintiffs blatantly mischaracterize the telephone call with Defendants' counsel on November 26, 2012 as the "meet and confer" for this ex parte application. The November 26, 2012, telephone call had absolutely nothing whatsoever to do with any of the discovery issues raised by Plaintiffs' ex parte application. That telephone call solely dealt with mediation scheduling issues and objections to third party subpoenas. Plaintiffs have never met and conferred with Defendants on the telephone regarding any of the numerous discovery issues presented

by this ex parte application to compel discovery.

    Nor did Plaintiffs' counsel give Defendants' counsel a reasonable time, let alone the requisite 10 days, in which to meaningfully meet and confer.  Plaintiffs' November 21, 2012 letter was sent on the evening before the Thanksgiving Holiday and did not even mention, let alone discuss in any detail, all of the issues raised by this ex parte application.

    Plaintiffs' ex parte application also completely fails to follow any of the Central District Local Rule requirements for motions to compel discovery.

    Central District Local Rule 37-1 also requires Plaintiffs' counsel to send a letter requesting a conference, identifying each issue or discovery request in dispute, and stating briefly the moving party's position and supporting legal authority and gives Defendants' counsel <u>10 days</u> after receipt of such letter to confer with Plaintiffs' counsel.  Plaintiffs' sent their November 21, 2012 letter the night before the Thanksgiving Holiday (only <u>two court days</u> before Plaintiffs filed this ex parte application) and gave Defendants only <u>seven</u> days (which included the four days of the Thanksgiving Holiday) in which to meet and confer.  This letter does not come close to satisfying the requirements of Local Rule 37-1.

    Plaintiffs' ex parte application also unilaterally dispenses with the requirement for a joint stipulation as to unresolved matters after the parties have meaningfully met and conferred.  <u>See</u> C.D. Local Rule 37-2.1.  Indeed, any failure to participate in the requisite meet and confer or prepare the joint stipulation is not only grounds for denying the motion to compel discovery, it is also grounds for the imposition of sanctions. <u>See</u> C.D. Local Rule 37-2.4.

Plaintiffs' ex parte application to compel discovery does not comply with any of the Local Rule 37-1 or 37-2 requirements. It should therefore be denied for these independent reasons as well.

B. <u>Plaintiffs' Ex Parte Application To Compel Discovery Should Also Be Denied On The Merits</u>

   1. <u>Plaintiffs' Ex Parte Request To Compel Production Of Third-Party Subscription Documents Should Be Denied</u>

Plaintiffs' ex parte request to compel production of third-party subscription documents in response to the Court's August 8, 2012 order should also be denied because Defendants already fully complied with the Court's August 8, 2012 order and have already told Plaintiffs that they do not have any third-party subscription documents of the "single-user" type specified in the Court's August 8, 2012 order.

The relevant portion of the Court's August 8, 2012 order specifically narrowed Plaintiffs' request for third-party subscription documents as follows: "the third party publications must be copyrighted and available to Defendant only through a subscription contract **that is either expressly or potentially limited to a single user**. In addition, to reduce the burden on Defendant, the Court finds it appropriate to limit the requests to electronically distributed newsletters (or similar publications) **within the time frame of December 1, 2006 to December 31, 2011**." See August 8, 2012 Order (Docket No. 79) at 8:19-25 (emphasis added).

In strict compliance with this Court's August 8, 2012 Order, Defendants searched for all third-party subscription documents that met this limited definition. Defendants, however, found no such

responsive documents.  <u>See</u> Declaration of Susan Yu at ¶ 5. Plaintiffs' ex parte application should therefore be denied on this basis as well.

C. <u>Plaintiffs' Ex Parte Request To Compel Further Responses To Interrogatories and Document Requests Served On August 22, 2012 Should Be Denied</u>

Plaintiffs' ex parte request to compel further responses to interrogatories and document requests they served on August 22, 2012 should also be denied because, as stated above, Plaintiffs never met and conferred with Defendants regarding this written discovery and because it is beyond the scope of the limited discovery Plaintiffs represented to Judge Anderson they needed extra time to complete.

D. <u>Plaintiffs' Ex Parte Request To Compel Answers To "Contention Interrogatory" Type Questions At Megan Prout's 30(b)(6) Deposition Should Be Denied</u>

Plaintiffs' ex parte request to compel answers to "contention interrogatory" questions that they asked at the Rule 30(b)(6) deposition of Megan Prout should also be denied because the law is clear that it is improper to pose such questions at a deposition. Such questions should instead be propounded as written interrogatories.

Numerous district court cases have refused to compel answers to "contention interrogatory" type questions at a deposition on the ground that although such questions may be proper for written interrogatories, <u>they are improper at a deposition</u>.  <u>See</u> <u>McCormick-Morgan Inc. v. Teledyne Indus. Inc.</u>, 134 F.R.D. 275, 286-87 (N.D.Cal. 1991), rev'd in part on other grounds, 765 F.Supp. 611 (N.D.Cal. 1991)(Court granted protective order against use of

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL DISCOVERY

"contention interrogatories" at a 30(b)(6) deposition, reasoning "in a case like this, no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party."); West v. Jewelry Innovations Inc., 2008 WL 512731 *5 (N.D. Cal. Feb. 25, 2008) (denying motion to compel further 30(b)(6) deposition; "This court agrees that '[i]n a patent case like this, the bases for contentions do not consist exclusively of relatively straightforward facts or evidence, as might be true, by contrast, in a case arising out of a traffic accident' and that 'a substantial part of "the bases for contentions" really consists of quasi-legal argument.') (quoting McCormick- Morgan, 134 F.R.D. at 287); CG Roxane LLC v. Fiji Water Co., 2008 WL 2276403 *6 (N.D. Cal. May 30, 2008) (motion to compel 30(b)(6) deposition on affirmative defenses and legal contentions in trademark case denied because contention interrogatories were a more appropriate and efficient method of discovery); Avago Techs. Gen. IP Pte. Ltd. v. Elan Microelecs. Corp., 2007 WL 1449746 *3 (N.D.Cal. May 15, 2007) (denying motion to compel 30(b)(6) designation on contention of willful patent infringement; "It would be inappropriate to expect Avago (as opposed to Avago's lawyers) to answer any questions about Avago's legal contentions."); 3M Co. v. Kanbar, 2007 U.S. Dist. LEXIS 47513 (N.D.Cal. June 19, 2007) (granting a motion for protective order cancelling certain deposition topics in a trademark infringement case that called for a legal conclusion and would be more appropriate as contention interrogatories. The more favorable approach is for the "answering [of] legal conclusions through contention-style interrogatories

-16-

rather than through a deposition, which would necessitate a lecture on intellectual property law for testifying employees."); SmithKline Beecham Corp. v. Apotex Corp., 2000 WL 116082 *9, 10 (N.D.Il1.2000) (denying motion to compel 30(b)(6) testimony on plaintiffs 'responses to Defendants' Interrogatories and requests for production," the factual basis for the contention of patent infringement, and patentee's investigation and testing because it was "overbroad, unduly burdensome, and an inefficient means through which to obtain otherwise discoverable information," it "infringes upon matters of attorney-client privilege [and] work product," and "standard interrogatories would be a better method"); Research & Eng'g Co. v. United States, 44 Fed.Cl. 597, 60102, 52 U.S.P.Q.2d 1359 (Fed.Cl. 1999) (granting motion to quash 30(b)(6) notice seeking a patentee's contentions as to proper claim construction) (citing McCormick-Morgan, 134 F.R.D. at 286-87); Cable & Computer Tech. Inc. v. Lockheed Saunders Inc., 175 F.R.D. 646, 652 (C.D.Cal. 1997) (Chapman, Mag.J.) (granting motion to compel answers to contention interrogatories, in part because "contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded.") (citing McCormick- Morgan, 134 F.R.D. at 287); In re Independent Service Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D.Kan. 1996) (granting protective order against 30(b)(6) notice inquiring into facts supporting denials affirmative defenses, and counterclaims; a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. It also implicates serious privilege concerns ... Xerox is not required to have counsel 'marshal all of its factual proof and prepare a

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL DISCOVERY

witness to testify on a given defense or counterclaim."); EEOC v. AIG Inc., 1994 WL 376052 *2-3 (S.D.N.Y. July 18, 1994) (contention interrogatories more appropriate method of inquiring into allegations of complaint and defenses than Rule 30(b)(6) deposition); United States v District Council of New York City, 1992 WL 208284 *1, 15 (S.D.N.Y. Aug. 18, 1992) (denying motion to compel further 30(b)(6) testimony concerning the facts and circumstances surrounding the allegation in the Complaint because of work-product concerns and because it "would in effect require the Government to marshal all of its factual proof and then provide it to Agent Worsham so that she could respond to what are essentially a form of contention interrogatories.").

Indeed, even this court cited the case of SmithKline Beecham Corp. v. Apotex Corp., 2004 WL 739959 *3-4 (E.D.Pa. March 23, 2004) in its September 11, 2012 minute order denying an earlier ex parte application brought by Plaintiffs.  In SmithKline Beecham, the district court denied a motion to compel 30(b)(6) testimony on infringement contentions, directing the party to use written contention interrogatories instead.

Here, the questions Plaintiffs' counsel asked at Ms. Prout's 30(b)(6) deposition to which Defendants' counsel objected and instructed the witness not to answer are all improper "contention interrogatory" type questions.  See Exhibit G to Plaintiffs' Ex Parte Application at pages 181:13-16 and 189:5-8.  As the court can also see from the deposition excerpts attached as Exhibit G to Plaintiffs' ex parte application, Defendants' counsel repeatedly asked Plaintiffs' counsel to rephrase his questions, but Plaintiffs' counsel refused.  Under the abundant above-cited case law, such

1  "contention interrogatory" type questions are clearly inappropriate
2  and improper to ask at a deposition.  Plaintiffs' ex parte
3  application to compel answers to such questions, and their request
4  for sanctions, should therefore be denied.

## IV.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' ex parte application to compel discovery should be denied in its entirety.

MESEREAU & YU, LLP

Dated: November 30, 2012 By:   _ /s/ Susan C. Yu
                                SUSAN C. YU
                                Attorneys for Defendants and Counter-
                                Claimants PLAINS ALL AMERICAN PIPELINE,
                                L.P. and PLAINS MARKETING, L.P.